**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re Application of | : | |
| | : | |
| PHILIPPE MARTINEZ, | : | |
| MSR MEDIA SKN LTD., | : | Case No. |
| | : | |
| Applicants, for an Order Pursuant to | : | |
| 28 U.S.C. § 1782 to Conduct Discovery | : | |
| for Use in a Foreign Proceeding. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION**
**FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO**
**CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

**MILLER & CHEVALIER CHARTERED**

Calvin Lee (Bar No. 5621677)
Laura G. Ferguson (motion for admission *pro hac vice* pending)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5981
Facsimile: (202) 626-5801
Email: clee@milchev.com
Email: lferguson@milchev.com

Dated: July 3, 2024

*Attorneys for Applicants, Philippe Martinez and MSR Media SKN Limited*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ...................................................................................................................... 1

FACTUAL BACKGROUND ..................................................................................................... 2

ARGUMENT ............................................................................................................................. 6

    I.  The Petition Satisfies the Statutory Requirements of § 1782. ........................................... 6

        A.  The Respondent Banks Are Found in This District ....................................................6

        B.  The Requested Discovery Is "For Use" in a Foreign Proceeding................................8

        C.  The Applicants Are "Interested Persons" ...................................................................9

    II.  The Discretionary Factors Favor Granting the Application. ........................................... 10

        A.  The Respondent Banks Are Not Participants in Either Foreign Defamation
            Proceeding................................................................................................................11

        B.  The High Court of Justice of St. Kitts and Nevis Is Likely Receptive to U.S. Judicial
            Assistance. ...............................................................................................................11

        C.  The Application Is Not an Attempt to Circumvent Proof-Gathering Restrictions. .....13

        D.  The Discovery Sought Is Not Unduly Intrusive or Burdensome.................................15

    CONCLUSION......................................................................................................................... 17

## TABLE OF AUTHORITIES

**Cases**                                                                                       **Page(s)**

*In re Abraaj Inv. Mgmt. Ltd.*,
  No. 20-mc-229, 2023 U.S. Dist. LEXIS 54296 (S.D.N.Y. Mar. 29, 2023)...........................7

*In re Accent Delight Int'l Ltd.*,
  869 F.3d 121 (2d Cir. 2017)...................................................................................8, 9

*In re Appl. of H.M.B. Limited*,
  No. 17-cv-21459, ECF Nos. 50 and 55 (S.D. Fla. Apr. 19, 2017)...........................................12

*In re Appl. of Tethyan Copper Co.*,
  No. 21-mc-00377, ECF No. 9 (S.D.N.Y. Apr. 28, 2022) .......................................................12

*In re Application for an Order Permitting Metallgesellschaft AG to
  take Discovery*, 121 F.3d 77 (2d Cir. 1997)...................................................................10

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
  673 F.3d 76 (2d Cir. 2012)...................................................................................8, 14

*In re Byrne*,
  No. 23-MC-048, 2023 U.S. Dist. LEXIS 75843 (S.D.N.Y. May 2, 2023)................................9

*Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, L.L.P.*,
  798 F.3d 113, 119 (2d Cir. 2015)...............................................................................10

*In re del Valle Ruiz*,
  939 F.3d 520 (2d Cir. 2019)...................................................................................6

*In re Ernesto Andrade Grp.*,
  No. 23-mc-124, 2024 U.S. Dist. LEXIS 9361 (S.D.N.Y. Jan. 18, 2024) ................................16

*Euromepa S.A. v. R. Esmerian, Inc.*,
  51 F.3d 1095 (2d Cir. 1995)...........................................................................13, 14, 15

*In re First Monolith Inc.*,
  No. 20-mc-735, 2021 U.S. Dist. LEXIS 18753 (S.D.N.Y. Feb. 1, 2021) ................................7

*IJK Palm LLC v. Anholt Servs. USA, Inc.*,
  33 F.4th 669 (2d Cir. 2022) ...................................................................................6

*In re Ex parte Tiberius Grp. AG*,
  No. 19-mc-467, 2020 U.S. Dist. LEXIS 40471 (S.D.N.Y. Mar. 6, 2020)...............................14

*In re Golden Meditech Holdings Ltd. for An Ord. Pursuant to 28 U.S.C. § 1782 to
  Conduct Discovery for Use in Foreign Proc.*, No. 24-misc-24, 2024 U.S. Dist.
  LEXIS 59974 (S.D.N.Y. Mar. 29, 2024) ....................................................................7

*In re Nike Shipholding Corp. Pursuant to 28 U.S.C. § 1782 to Conduct Disc. for Use in A Foreign Proc.*, 2023 U.S. Dist. LEXIS 132797 (S.D.N.Y. July 31, 2023) ................................................................................................................10

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004) ................................................................................ *passim*

*In re Inv. Bank PSC*,
567 F. Supp. 3d 449 (S.D.N.Y. 2021) ...................................................................16

*IsZo Cap. LP v. Nam Tai Property, Inc. et al.*,
No. BVIHC (COM) 2020/0165 (V.I. 2021) .........................................................11

*In re Kreke Immobilien KG*,
No. 13 Misc. 110, 2013 WL 5966916 (S.D.N.Y. Nov. 8, 2013) ..........................12

*Mees v. Buiter*,
793 F.3d 291 (2d Cir. 2015) ................................................................8, 13, 15

*MSR Media SKN Ltd., et al. v. Leslie Khan, et al.*,
No. 8:24-cv-1248-KKM-AAS (S.D. Fla. Filed May 23, 2024)..............................9

*In re Mutabagani*,
No. 22-cv-299, 2023 U.S. Dist. LEXIS 61183 (S.D.N.Y. Apr. 6, 2023) ...............15

*In re O'Keefe*,
650 F. App'x 83 (2d Cir. 2016) ...........................................................................14

*In re Oasis Core Invs. Fund Ltd..*,
No. 23-mc-00402, 2024 U.S. Dist. LEXIS 21620 (S.D.N.Y. Feb. 7, 2024) ..........14

*In re PJSC "URALSIB Bank,"*
No. 20-mc-00371, 2020 U.S. Dist. LEXIS 239772 (S.D.N.Y. Dec. 21, 2020)........7

*In re Zarzur*,
No. 22-mc-348, 2024 U.S. Dist. LEXIS 4797 (S.D.N.Y. Jan. 8, 2024) .................16

**Statutes**

28 U.S.C. § 1782 ...................................................................................... *passim*

**Other Authorities**

The Bank of New York Mellon, https://www.bnymellon.com/us/en/contact-us.html (last visited June 27, 2024) .........................................................................7

Fed. R. of Civ. P. 26...............................................................................................15

KN WHOOP AI, *Mash It Up, Then Fix It Back!  CBI Program. Hon. Mark Brantley*, YOUTUBE (Nov. 16, 2023), https://www.youtube.com/watch?v=c8Xfb2nsU3E ................................................................4

*SKN: EC$88M to EC$2.5B? Brantley questions prison project*, Loop (July 2, 2022), https://caribbean.loopnews.com/content/sknec88-million-ec25-billion-brantley-questions-prison-project ...........................................................................................3

Standard Chartered, https://www.sc.com/en/our-locations/ (last visited June 27, 2024) ........................................................................................................................................7

Applicant Philippe Martinez and Applicant MSR Media SKN Ltd. (collectively, "Applicants") respectfully submit this Memorandum of Law in Support of their Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding ("Application") by serving the subpoenas attached as Exhibit B on Standard Chartered Bank, New York Branch ("Standard Chartered Bank") and Bank of New York Mellon (collectively, the "Respondent Banks").  The Application and Memorandum are further supported by the Declaration of Damian Kelsick, Applicants' local counsel and a highly regarded attorney in the Federation of Saint Christopher and Nevis ("St. Kitts and Nevis"), attached as Exhibit C.

## <u>INTRODUCTION</u>

Applicant Philippe Martinez is a United States resident and successful film producer, who established Applicant MSR Media SKN Ltd., a St. Kitts and Nevis corporation, in 2020 in order to produce several films and television shows in St. Kitts and Nevis.  In exchange for Applicants' substantial investments in the country's economy, the Government of St. Kitts and Nevis granted Applicants several hundred citizenship by investment ("CBI") units to market and sell under CBI programs established by St. Kitts and Nevis law.  Applicants understood that they would be able to realize their substantial investments by selling these CBI units, valued at more than $150 million U.S. dollars ("USD") at the time they were granted, based on legally mandated minimum selling prices.

However, Applicants learned that a group of individuals and entities, including former St. Kitts and Nevis government officials, have engaged in a years-long scheme to defraud the people of St. Kitts and Nevis as well as investors in the country.  The scheme centers on the corrupt transfer of thousands of valuable CBI units to Foreign Plaintiff Caribbean Galaxy Real Estate Corporation ("Caribbean Galaxy"), a Chinese real estate development firm, to be sold at prices

that were a fraction of the mandated minimum rate established by St. Kitts and Nevis law and as represented to good-faith international investors, including Applicants and their American investors. In an effort to expose and end this corruption within the CBI program, Applicants have sought to inform St. Kitts and Nevis officials and other relevant parties about the scheme, using information gathered through public sources and Applicants' own investigation.

Caribbean Galaxy and Ying Jin, the former Chief Executive Officer of Caribbean Galaxy, filed suit against Applicants in the High Court of Justice in St. Kitts and Nevis, alleging that Applicants have defamed them by making statements about their involvement in the corrupt CBI scheme in a pre-action letter to several proposed defendants in a then-anticipated U.S. action intended to be brought by the Applicants. In a second action, Timothy Harris, the former Prime Minister of St. Kitts and Nevis, similarly filed suit against Applicant MSR Media SKN Ltd. in the High Court of Justice in St. Kitts and Nevis based on the same allegedly defamatory statements.

Collectively, these legal actions by Ying Jin, Caribbean Galaxy, and Timothy Harris (collectively, "Foreign Plaintiffs") constitute the relevant foreign proceedings ("Foreign Defamation Proceedings") underlying this Application. In support of Applicants' defense against claims in the Foreign Defamation Proceedings, Applicants seek discovery from the Respondent Banks to demonstrate the veracity of Applicants' statements regarding Foreign Plaintiffs' conduct upon which the Foreign Defamation Proceedings are based.

## **FACTUAL BACKGROUND**

Applicant Philippe Martinez is a United States resident and successful film producer with a primary place of business in Florida. *See* Exhibit C, Declaration of Damian Kelsick dated July 1, 2024 ¶ 6 ("Kelsick Decl."). Martinez has produced "numerous successful movies over the course of 30 years in the movie business." *Id.* Martinez founded Applicant MSR Media SKN Ltd.

and another entity to bring the film industry to St. Kitts and Nevis. *Id.* ¶ 7. Applicant MSR Media SKN Ltd. is a film production company that produces and films movies in St. Kitts and Nevis. *Id.*

Applicants learned that an organized group of individuals and entities, including Foreign Plaintiffs, engaged in a scheme to defraud the people of St. Kitts and Nevis as well as investors in the country, including Applicants. *Id.* ¶ 8. The St. Kitts and Nevis Citizenship by Investment ("CBI") Program "offers citizenship to individuals in exchange for investment in the country." *Id.* ¶ 9. "St. Kitts and Nevis law requires strict due diligence in compliance with national and international standards." *Id.* Despite the rigorous requirements of citizenship, the small island nation has reportedly granted over 40,000 passports through its CBI program to date. *Id.*

In May 2022, Applicant MSR Media SKN, together with its affiliated entity MSR Hotels, was granted 615 CBI units in exchange for their investments in the local film industry. *Id.* ¶ 10. In May 2023, these units were transferred to the newly established Approved Public Benefit program. *Id.* Under the law of St. Kitts and Nevis, Applicant is currently required to sell its CBI units for USD $250,000.[1] *Id.*

Separately, "the Government of St. Kitts and Nevis granted 5,500 CBI units—an unprecedented amount—to Caribbean Galaxy in exchange for Caribbean Galaxy's commitment to build a public incarceration facility ("Jail Project")."[2] *Id.* ¶ 11. At the time of the approval, the statutorily mandated price of CBI units was USD $175,000, but Caribbean Galaxy sold their units

---

[1] Upon the initial approval, Applicant and its affiliated entity were required to sell their CBI units at $200,000 per unit; however, St. Kitts and Nevis regulations were amended in July 2023 to increase the required sale price.

[2] One year earlier, construction for the same prison was estimated to cost $88 million Eastern Caribbean dollars (approximately USD $32.5 million). At the statutorily mandated price, 5,500 CBI units represented a total value of USD $962.5 million, nearly thirty times as much as the proposed construction cost. *See SKN: EC$88M to EC$2.5B? Brantley questions prison project*, Loop (July 2, 2022), https://caribbean.loopnews.com/content/sknec88-million-ec25-billion-brantley-questions-prison-project.

at prices that were reduced by 40% or significantly more. *Id.* In other words, "Caribbean Galaxy undercut its competitors . . . by flooding the entire CBI market with its vast reserve of CBI units priced at USD $100,000 or less—potentially as low as USD $50,000." *Id.*; *see also* KN WHOOP AI, *Mash It Up, Then Fix It Back! CBI Program. Hon. Mark Brantley*, YOUTUBE (Nov. 16, 2023), https://www.youtube.com/watch?v=c8Xfb2nsU3E (radio interview with Premier of Nevis Mark Brantley, a Cabinet official with direct knowledge, describing the scheme and that the St. Kitts and Nevis government was aware of the scheme).

The current Attorney General of St. Kitts and Nevis, Garth Wilkin, even observed that "Caribbean Galaxy sold CBI units for well below the statutory amount at an extremely high volume, resulting in at least [USD] $60 million in revenue from the sale of CBI units associated with the Jail Project." Kelsick Decl. ¶ 12. Mr. Wilkin also described the conduct as a "good scam." *Id*.

Under St. Kitts and Nevis law, "funds associated with the sale of CBI units are required to be held in escrow at a financial institution in St. Kitts and Nevis." *Id.* ¶ 14. Harris, Prime Minister of St. Kitts and Nevis from February 2015 to August 2022, and Leslie Khan, former head of the Citizenship by Investment Unit (a unit of the Government of St. Kitts and Nevis), formed an agreement with Caribbean Galaxy to eliminate this requirement for CBI units granted for the Jail Project. *Id*. According to Applicants' local counsel, "[t]his tactic allowed Caribbean Galaxy to bypass the escrow rules that bound their law-abiding CBI competitors." *Id*. In addition, "Foreign Plaintiffs Caribbean Galaxy and Ying Jin agreed to pay Khan and Foreign Plaintiff Harris several thousands of dollars per CBI unit sold." *Id.* ¶ 15. The total value of these kickbacks to Harris and Khan could reach into the tens of millions of U.S. dollars. *Id.* Khan "admitted in a recorded conversation that he earned almost [USD] $2 million per year" during his tenure as head of the

Citizenship by Investment Unit.  *Id.*  On information and belief, Khan and Harris "used a portion of the proceeds from the scheme to enrich themselves and obtain real estate in the United States as well as luxury goods."  *Id.* ¶ 16.  Khan and Harris also "diverted a portion of the illicit proceeds from the scheme to offshore bank accounts."  *Id.*

As described by Mr. Kelsick, "Applicants learned of the scheme through their own investigation into the St. Kitts and Nevis CBI program and directed several letters and other communications to the individuals involved in this scheme as well as government officials, describing the egregious conduct and negative financial impact on Applicants' business and investments in the country and requesting that the government of St. Kitts and Nevis investigate the allegations for itself."  *Id.* ¶ 17.  Applicants authored a letter dated November 17, 2023 ("Letter") describing the scheme.  *Id.* ¶ 18.

On December 8, 2023, Caribbean Galaxy and Ying Jin filed suit against both Applicants for defamation in the High Court of Justice regarding the Letter.  *Id.*; Ex. C–1.  On December 29, 2023, Harris, who is also a current member of the National Assembly of St. Kitts and Nevis, also filed a defamation suit in the High Court of Justice against Applicant MSR Media SKN Ltd. for statements contained in the same Letter.  Kelsick Decl. ¶ 19; Ex. C–2.

Applicants have filed their defenses in both Foreign Defamation Proceedings, including pleading a defense of justification.  Kelsick Decl. ¶¶ 18–19; *see also* Ex. C–3, C–4.  Applicants intend to defend themselves to the full extent of the law in both proceedings.[3]  As part of their defense, Applicants seek documentary evidence of CBI-related transactions into and out of U.S.

---

[3] To date, Trial Directions have been issued only in the Caribbean Galaxy Defamation Proceeding.  Kelsick Decl. ¶ 18.

bank accounts as well as transactions that passed through U.S. banks, including the Respondent Banks, "to demonstrate the truth of the allegations made in the Letter."  Kelsick Decl. ¶ 20.

Applicants reasonably believe that at least some of the relevant transactions involved the Respondent Banks.  CBI transactions are executed in U.S. dollars and therefore flow through U.S. banks.  *Id.* ¶ 21.  Cross-border transactions in USD into and out of St. Kitts and Nevis "necessarily require the use of a correspondent or intermediary U.S. bank that maintains relationships with the originating and beneficiary banks."  *Id.*

The subpoenas, attached as Exhibit B, seek all transactions to or from any individuals or entities that Applicants have reason to believe were directly or indirectly involved in the sale of CBI units at an undervalue and/or payment of bribes.  These financial records "would support the veracity of the allegedly defamatory statements contained in the Letter and at issue in the [Foreign] Defamation Proceedings."  *Id.* ¶ 25.

## ARGUMENT

## I.    The Petition Satisfies the Statutory Requirements of § 1782.

A Section 1782 applicant must first establish three mandatory prerequisites: "(1) the person or entity from whom discovery is sought 'resides' or is 'found' in the district where the application is made; (2) the requested material is 'for use' in a foreign proceeding; and (3) the application is made by a foreign or international tribunal or any interested person." *IJK Palm LLC v. Anholt Servs. USA, Inc.*, 33 F.4th 669, 675 (2d Cir. 2022) (quoting 28 U.S.C. § 1782).  The Applicants satisfy all three requirements.

### A.    The Respondent Banks Are Found in This District

"[Section] 1782's 'resides or is found' language extends to the limits of personal jurisdiction consistent with due process*." In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019).

Evidence that the Respondent Banks are headquartered in the Southern District of New York is sufficient to establish general personal jurisdiction over them. *In re Golden Meditech Holdings Ltd. for An Ord. Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proc.*, No. 24-misc-24, 2024 U.S. Dist. LEXIS 59974, at *5 (S.D.N.Y. Mar. 29, 2024). Respondent Standard Chartered Bank, New York Branch (also known as Standard Chartered Bank US) ("Standard Chartered Bank") is the U.S. subsidiary of Standard Chartered Bank PLC, a United Kingdom multinational bank. Standard Chartered Bank regularly transacts business in this District and maintains its headquarters at 1095 Avenue of the Americas, 37th Floor, New York, NY 10036.[4] Respondent Bank of New York Mellon is a U.S. financial services institution that regularly transacts business in this District and maintains its headquarters at 240 Greenwich Street, New York, New York 10286.[5]

In the context of § 1782 applications, this District has routinely held that Standard Chartered Bank and Bank of New York Mellon are found in the District. *See, e.g.*, *id.* (holding that evidence that Bank of New York Mellon was headquartered in Manhattan was sufficient to meet Section 1782's "resides in or found" requirement); *In re Abraaj Inv. Mgmt. Ltd.*, No. 20-mc-229, 2023 U.S. Dist. LEXIS 54296, at *3, *9 (S.D.N.Y. Mar. 29, 2023) (holding that the applicant made a prima facie case that both Respondent banks are "found in" the Southern District of New York); *In re First Monolith Inc.*, No. 20-mc-735, 2021 U.S. Dist. LEXIS 18753, at *1, *3 (S.D.N.Y. Feb. 1, 2021) (same); *In re PJSC "URALSIB Bank,"* No. 20-mc-00371, 2020 U.S. Dist. LEXIS 239772, at *1 (S.D.N.Y. Dec. 21, 2020) (same).

---

[4] Standard Chartered, https://www.sc.com/en/our-locations/ (last visited June 27, 2024).

[5] The Bank of New York Mellon Corporation, https://www.bnymellon.com/us/en/contact-us.html (last visited June 27, 2024) (listing the Bank of New York Mellon's corporate headquarters).

### B.  The Requested Discovery Is "For Use" in a Foreign Proceeding

To satisfy the "for use" requirement, a Section 1782 applicant simply must demonstrate that the discovery it seeks "will be employed with some advantage or serve some use in the [foreign] proceeding." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017) (declining "to import into the phrase 'for use' additional requirements that the text of Section 1782 and our prior interpretations cannot support").  *See also Mees v. Buiter*, 793 F.3d 291, 295 (2d Cir. 2015) ("A § 1782 applicant satisfies the statute's 'for use' requirement by showing that the materials she seeks are to be used at some stage of a foreign proceeding.").  Section 1782(a) does not require that particular evidence be admissible in a foreign proceeding to be considered "for use in a proceeding in a foreign or international tribunal." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 77 (2d Cir. 2012).  Such materials "need not be necessary for the party to prevail in the foreign proceeding," and district courts need not parse foreign law to predict how much weight would be placed on the evidence sought.  *Mees*, 793 F.3d at 298-99.

To meet the "for use" requirement, a § 1782 applicant need establish only that "he or she has the practical ability to inject the requested information into a foreign proceeding." *In re Accent Delight Int'l Ltd.*, 869 F.3d at 132.  As long as "he or she makes that showing, it is not fatal to the application that he or she lacks a claim for relief before the foreign tribunal, whether for damages or otherwise." *Id.*  Rather, the term "for use" has "only its ordinary meaning — that the requested discovery is something that will be employed with some advantage or serve some use in the proceeding." *Id.* (internal quotation and citation omitted).

Here the requested discovery is for use in the Foreign Defamation Proceedings.  Applicants are defendants in that proceeding.  The Foreign Plaintiffs filed suit in the High Court of Justice in St. Kitts and Nevis on December 8, 2023, and December 29, 2023, initiating the Foreign

Defamation Proceedings.  Kelsick Decl. ¶ 2.  In response, the Applicants plead their defenses of justification, including pleading acts of corruption by Foreign Plaintiffs.  Kelsick Decl. ¶¶ 18–19; Exhibit C–3, C–4.  The discovery sought from the Respondent Banks is relevant to the veracity of Applicants' statements, thereby aiding their defense against the claims of defamation before the tribunal in St. Kitts and Nevis.  *Id.* ¶ 24.  Since the discovery will be used in ongoing litigation before a foreign court, the requirement that the discovery be "for use in a proceeding in a foreign or international tribunal" is met.  *See In re Byrne*, No. 23-MC-048, 2023 U.S. Dist. LEXIS 75843, at *12-13 (S.D.N.Y. May 2, 2023) ("Because Petitioner is currently involved in at least one foreign proceeding concerning the dispute as to which he seeks discovery . . . he has adequately demonstrated that the discovery materials he seeks will be used in a foreign proceeding.").

After they were sued in the Foreign Defamation Proceedings, Applicants filed a civil lawsuit in the Middle District of Florida (the "RICO Action") against the Foreign Plaintiffs and other defendants related to their conduct in the St. Kitts and Nevis CBI program.  *See MSR Media SKN Ltd., et al. v. Leslie Khan, et al.*, No. 8:24-cv-1248-KKM-AAS (S.D. Fla. Filed May 23, 2024).  The existence of the U.S. RICO Action does not change the conclusion that the discovery sought is for use in the Foreign Defamation Proceedings.  The fact that discovery sought in a § 1782 proceeding could later be used in a U.S. proceeding is not a ground for denying the § 1782 application.  *In re Accent Delight Int'l Ltd.*, 869 F.3d at 134-135 (holding that § 1782 does not preclude, as a matter of law, the use of evidence procured pursuant to it in subsequent United States civil litigation).

### C.  The Applicants Are "Interested Persons"

To satisfy the third statutory requirement, Applicants must demonstrate that they are "interested person[s]" in the foreign proceeding.  28 U.S.C. § 1782(a).  There is "[n]o doubt

litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004); *see also Certain Funds, Accts. and/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 119 (2d Cir. 2015) (term "interested person" includes, among others, litigants).

Applicants are the defendants, and therefore litigants, in the Foreign Defamation Proceedings. Kelsick Decl. ¶ 2. Accordingly, Applicants are "interested person[s]" under § 1782.

## II.    The Discretionary Factors Favor Granting the Application.

Once Section 1782(a)'s requirements are met, "a district court is free to grant discovery in its discretion." *In re Application for an Order Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 78 (2d Cir. 1997) (internal citation omitted). The Supreme Court has articulated four factors that courts may consider in exercising that discretion: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 264-65. "When evaluating these factors, the Court must be mindful of the goals of Section 1782 - to provide efficient means of assistance to participants in international litigation and to encourage foreign countries by example to provide similar means of assistance to U.S. courts." *In re Nike Shipholding Corp. Pursuant to 28 U.S.C. § 1782 to Conduct Disc. for Use in A Foreign Proc.*, 2023 U.S. Dist. LEXIS 132797, at *7 (S.D.N.Y. July 31, 2023) (citing *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 97 (2d Cir. 2020)). Each of the *Intel* discretionary factors weigh in favor of granting the Application.

### A. The Respondent Banks Are Not Participants in Either Foreign Defamation Proceeding.

The Supreme Court has explained that when a respondent is not a party to the foreign proceeding, "[its] evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp.*, 542 U.S. at 264. Neither of the Respondent Banks is a party to either of the Foreign Defamation Proceedings and there is no expectation that they will become parties in the future. Moreover, the Respondent Banks are beyond the jurisdiction of the St. Kitts and Nevis courts. Kelsick Decl. ¶ 22. Absent § 1782 assistance, "Applicants have no practicable method to obtain highly relevant evidence in the possession, custody, or control of the Respondent Banks." *Id.* ¶ 23. Since the Respondent Banks are not parties to the Foreign Defamation Proceedings, the first *Intel* factor weighs in favor of the Applicants.

### B. The High Court of Justice of St. Kitts and Nevis Is Likely Receptive to U.S. Judicial Assistance.

Courts may also consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel Corp.*, 542 U.S. at 264. The Foreign Defamation Proceedings are ongoing in St. Kitts and Nevis, and the bank records sought would be admissible and "highly relevant" to Applicants' defense. Kelsick Decl. ¶ 24. Courts within the Eastern Caribbean Supreme Court system, of which the High Court in St. Kitts and Nevis is a constituent court, have previously accepted the assistance of U.S. courts via a § 1782 application. *See, e.g.*, *IsZo Cap. LP v. Nam Tai Property, Inc. et al.*, No. BVIHC (COM) 2020/0165, Judgment, ¶ 175 (V.I. 2021) (acknowledging that witness gave a deposition under 28 U.S.C. § 1782, described as "the well-known provision whereby evidence can be obtained in US Federal Courts for use in foreign proceedings") (Ex. D). Furthermore, federal courts, including at least one in this District,

have previously granted requests under § 1782 for use in proceedings in other Eastern Caribbean countries, including Antigua and the British Virgin Islands ("BVI"), finding no reason to believe the Eastern Caribbean courts would be unreceptive to U.S. judicial assistance. *See, e.g., In re Appl. of Tethyan Copper Co.*, No. 21-mc-00377, ECF No. 9 (S.D.N.Y. Apr. 28, 2022) ("[T]he BVI Court has already accepted some evidence from Respondents, so there is no indication it would not be receptive to further discovery requests.  And, courts in this district routinely grant § 1782 applications for discovery for use in the BVI.") (internal citations omitted); *In re Appl. of H.M.B. Limited*, No. 17-cv-21459, ECF Nos. 50 and 55 (S.D. Fla. Apr. 19, 2017) (accepting report and recommendation of Magistrate Judge, finding no authoritative proof that the Antiguan court would reject the U.S. assistance, despite intervenor's arguments).

According to Applicants' local counsel, who previously served as a judge in two courts in the Eastern Caribbean judicial system, "[t]here is no rule of law in St. Kitts and Nevis that would require the exclusion of evidence obtained through a foreign discovery procedure, and [he is] not aware of any cases in St. Kitts and Nevis where these types or records, or where records obtained through a foreign discovery procedure, were not admitted into evidence due to the provenance of the records."  Kelsick Decl. ¶ 26.  Therefore, there is no reason to believe that the High Court of Justice of St. Kitts and Nevis would be unreceptive to the assistance of this Court.

Furthermore, absent "authoritative proof that a foreign tribunal would *reject* evidence obtained with the aid of § 1782," the court should generally favor the application and aims of Section 1782 in providing international legal assistance to litigants and courts.  *In re Kreke Immobilien KG*, No. 13 Misc. 110, 2013 WL 5966916, at *5 (S.D.N.Y. Nov. 8, 2013) ("[i]n the absence of 'authoritative proof that a foreign tribunal would reject evidence obtained with the aid

of section 1782,' a district court should err on the side of permitting discovery" (quoting *Euromepa*

*S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095, 1100 (2d Cir. 1995))). As explained by the Second Circuit:

> [A] district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782. Such proof, as embodied in a forum country's judicial, executive, or legislative declarations that specifically address the use of evidence gathered under foreign procedures would provide helpful and appropriate guidance to a district court in the exercise of its discretion. Absent this type of clear directive, however, a district court's ruling should be informed by section 1782's overarching interest in "providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects."

*Euromepa*, 51 F.3d at 1100 (quoting Senate Report at 3783).

There have been no representations from the High Court of St. Kitts and Nevis in the

Foreign Defamation Proceedings, nor in any other matter, definitively stating that it would not

accept evidence obtained via 28 U.S.C. § 1782. Kelsick Decl. ¶¶ 26–27. Even if there was some

debate about the receptivity of the High Court of St. Kitts and Nevis to § 1782 evidence or the

specific evidence requested by the Application, the court should permit the requested discovery

and allow the High Court of St. Kitts and Nevis to decide whether to admit the evidence.

*Euromepa*, 51 F.3d at 1101 (noting that the foreign tribunal "can quite easily protect itself from

the effects of any discovery order by the district court that inadvertently offended [local] practice").

Accordingly, the second *Intel* factor also weighs in favor of granting the Application.

### C. The Application Is Not an Attempt to Circumvent Proof-Gathering Restrictions.

The third *Intel* factor considers "whether the § 1782(a) request conceals an attempt to

circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United

States." *Intel*, 542 U.S. at 265. The Second Circuit instructs that "proof-gathering restrictions"

are "best understood as rules akin to privileges that *prohibit* the acquisition or use of certain

materials." *Mees*, 793 F.3d at 303 n.20. "Only where the materials being sought are privileged or

otherwise prohibited from being discovered or used is the third *Intel* factor implicated." *In re Ex parte Tiberius Grp. AG*, No. 19-mc-467, 2020 U.S. Dist. LEXIS 40471, at *12-13 (S.D.N.Y. Mar. 6, 2020).

The evidence sought need not be discoverable in the foreign proceeding. *Intel*, 542 U.S. at 261; *Brandi-Dohrn*, 673 F.3d at 81. *See also In re O'Keefe*, 650 F. App'x 83, 85 (2d Cir. 2016) (affirming grant of § 1782 discovery even though same discovery might not be obtainable under Hong Kong law); *In re Tiberius Group AG*, 2020 U.S. Dist. LEXIS 40471, at *4 (affirming grant of § 1782 application over objection that discovery sought was beyond that authorized under Cyprus law).

Further, there is no requirement that the applicant attempt to gather the information through the foreign proceeding first. *Euromepa*, 51 F.3d at 1098 ("this Court has also refused to engraft a 'quasi-exhaustion requirement' onto section 1782 that would force litigants to seek information through the foreign or international tribunal before requesting discovery from the district court") (internal quotation and citation omitted); *In re Oasis Core Invs. Fund Ltd.*., No. 23-mc-00402, 2024 U.S. Dist. LEXIS 21620, at *5 (S.D.N.Y. Feb. 7, 2024) ("The evidence sought need not be discoverable in the foreign proceeding, and there is no requirement that [the applicant] attempt to gather the information through the foreign proceeding first.").

The laws of St. Kitts and Nevis do not affirmatively prohibit seeking the bank records sought in this § 1782 application. Kelsick Decl. ¶ 26. In fact, "financial records are routinely sought and admitted in litigation before the High Court of Justice." *See* Kelsick Decl. ¶ 25. Furthermore, the High Court of Justice in St. Kitts and Nevis has not previously denied this request because, as noted above, Applicants are unable to seek this discovery in St. Kitts and Nevis given that the Respondent Banks are not subject to the jurisdiction of the High Court of Justice. *See*

14

Kelsick Decl. ¶ 22.  Once again, even if there is a possibility that the High Court of Justice would not have granted a comparable discovery request made in St. Kitts and Nevis, assuming it had the authority to do so, the High Court "can quite easily protect itself from the effects of any discovery order by the district court that inadvertently offended [its local] practice" by declining to admit the evidence.  *Euromepa*, 51 F.3d at 1101.  Thus, Applicants are not attempting to circumvent the laws of St. Kitts and Nevis by making this request, and the third *Intel* factor weighs in favor of granting the Application.

### D.  The Discovery Sought Is Not Unduly Intrusive or Burdensome.

Under the fourth *Intel* factor, courts may also consider whether the request is "unduly intrusive or burdensome" and should be "rejected or trimmed."  *Intel*, 542 U.S. at 265.  In determining whether such a discovery request is unduly intrusive or burdensome, district courts shall "apply[ ] the familiar standards of Rule 26 of the Federal Rules of Civil Procedure," *Mees*, 793 F.3d at 302.  To assess whether a subpoena is unduly burdensome under Rule 26, courts consider, among other things, the requested information's relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, and the particularity with which the documents are described.  *In re Mutabagani*, No. 22-cv-299, 2023 U.S. Dist. LEXIS 61183, at *13 (S.D.N.Y. Apr. 6, 2023).

Here, the discovery sought is appropriately limited in time and scope to aid in Applicants' defense in the Foreign Defamation Proceedings.  The statements at issue in the Foreign Defamation Proceedings relate to a scheme to defraud the people of St. Kitts and Nevis and investors in the country through the sale of passport units under the citizenship by investment program.  As described more fully above, on information and belief, this scheme included transactions in USD that were transferred to and from St. Kitts and Nevis, through correspondent accounts at the

Respondent Banks, between at least January 1, 2018 and the present. The subpoenas seek documentary proof of the illicit transactions at issue in the allegedly defamatory statements for the same time period. This evidence will enable Applicants to identify corrupt transactions supporting the illicit scheme and will undoubtedly play a pivotal role in the resolution of the Foreign Defamation Proceedings. *See* Kelsick Decl. ¶¶ 20–21, 25. Proof of these corrupt transactions offers proof of the veracity of Applicants' statements. The scope of the subpoenas is limited to that information which is necessary to the Foreign Defamation Proceedings. Accordingly, the subpoenas cover only those transactions made during the relevant time period and only individuals and entities believed to be involved in the scheme.

Courts in this district routinely grant § 1782 applications for bank records of wire transactions. *See, e.g.*, *In re Ernesto Andrade Grp.*, No. 23-mc-124, 2024 U.S. Dist. LEXIS 9361 (S.D.N.Y. Jan. 18, 2024); *In re Zarzur*, No. 22-mc-348, 2024 U.S. Dist. LEXIS 4797 (S.D.N.Y. Jan. 8, 2024); *In re Inv. Bank PSC*, 567 F. Supp. 3d 449 (S.D.N.Y. 2021). In addition, large financial institutions, such as the Respondent Banks, often have subpoena departments dedicated to processing these types of requests and conducting the necessary searches. Accordingly, the Respondent Banks should be able to readily produce the records sought without undue burden.

Thus, Applicants' discovery request is not unduly intrusive nor overly burdensome, and the fourth *Intel* factor similarly weighs in favor of granting the Application.

## CONCLUSION

For the foregoing reasons, Applicants respectfully request that this Court enter the Proposed Order annexed to the Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings as Exhibit A, to serve the subpoenas annexed to the Application as Exhibit B.

Respectfully submitted,

**MILLER & CHEVALIER CHARTERED**

/s/ Calvin Lee
Calvin Lee (Bar No. 5621677)
Laura G. Ferguson (motion for *pro hac vice* admission pending)
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5981
Facsimile: (202) 626-5801
Email: clee@milchev.com
Email: lferguson@milchev.com

*Attorneys for the Applicants, Philippe Martinez and MSR Media SKN Limited*

Dated: July 3, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2024, a true and correct copy of the foregoing document was filed via CM/ECF and served on counsel for Ying Jin, Caribbean Galaxy Real Estate Corporation, and Timothy Harris via email, as follows:

Gregory Trask
HOMER BONNER
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, FL 33131
gtrask@homerbonner.com

*Counsel for Ying Jin and Caribbean Galaxy Real Estate Corporation*

Richard D. Shane
Elisabeth L. Rabin
DUANE MORRIS LLP
201 South Biscayne Boulevard
Suite 3400
Miami, Florida 33131
RDShane@duanemorris.com
ERabin@duanemorris.com

Eric R. Breslin
DUANE MORRIS LLP
One Riverfront Plaza
1037 Raymond Boulevard
Suite 1800
Newark, NJ 07102
ERBreslin@duanemorris.com

*Counsel for Timothy Harris*

/s/ Calvin Lee
Calvin Lee