# EXHIBIT C-4

**Case Number :SKBHCV2023/0236**

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
SAINT CHRISTOPHER AND NEVIS
SAINT CHRISTOPHER CIRCUIT

**FILED**
**HIGH COURT**
**ST.CHRISTOPHER / NEVIS**
**(ST.KITTS CIRCUIT)**

**Submitted Date:21/05/2024 14:11**

**Filed Date:21/05/2024 14:11**

CLAIM NO. SKBHCV2023/0236

**Fees Paid:52.00**

BETWEEN:    **DR. TIMOTHY HARRIS**

*Claimant*

**and**

**[1] PHILIPPE MARTINEZ**
**[2] MSR MEDIA SKN LTD**    *Defendants*

## DEFENCE OF FIRST DEFENDANT

1.     Paragraph 1 of the Statement of Claim ("S/C") is admitted.

2.     Paragraph 2 of the S/C is admitted save that MSR Media has a board of directors which is its directing mind. The 1st Defendant is one of its directors.

3.     With respect to Paragraph 3 of the S/C:

    (a)     It is admitted that the 1st Defendant was incorporated in Nevis and is the producer of movies shot in St. Kitts and Nevis;

    (b)     It is denied that the 2nd Claimant was paid US$150,000 per month by the Nevis Island Administration;

    (c)     The 1st Defendant's complaint is not that he was and is not performing as expected as a result of the success of other CBI developers. Rather, the 1st Defendant's complaints are as set out in paragraph 4(b) below;

    (d)     The 1st Defendant denies that he ever asserted that the Claimant managed the CBI program. However:

        (i)     During the period 2015 to August 2022, the Claimant, in his capacity as Prime Minister and Minister of National Security:

(A)    was the minister responsible for citizenship by investment;

(B)    was responsible for signing all certificates of citizenship issued to successful CBI applicants;

(C)    was the minister responsible for the management of the Citizenship by Investment Unit;

(D)    was the minister ultimately responsible for the operations of the Citizenship by Investment Unit;

(E)    was the minister responsible for presentation to Cabinet of proposals of developments seeking to be conducted under the CBI program;

(F)    was the minister responsible for presenting to Cabinet the proposal by Caribbean Galaxy Real Estate Corporation with respect to the Prison Project[1].

4.    With respect to paragraph 4 of the S/C:

(a)    the 1st Defendant states that on 17th November 2023 the Defendants issued a pre-action demand letter of that date addressed to the Claimant, Leslie Khan ("**Khan**") and Vincent Byron. The letter was copied to:

| | |
|---|---|
| William P. Barry, Miller Chevalier, | Ms. Ying Jin, CEO, Caribbean Galaxy Real Estate Corporation |
| Sandeep Prasanna, Miller Chevalier | Damian Kelsick, Attorney at Law |
| Mark Brantley, Premier Of Nevis | Dwyer Astaphan, Attorney at Law |
| Garth Wilkin, Attorney General, St. Kitts and Nevis | Daisy Randal, Attorney at Law |
| Paul Singh and Catherine Coup, CS Global | Sylvester Anthony, CIU |

---

[1] Define in paragraph 8(e) below

Farron Lawrence, CaribTrust
Ltd.

Lee Beasley, MSR Media SKN
Ltd.

Dorietta Fraites, SKIPA

Terrence A. Crossman, St. Kitts-
Nevis Anguilla National Bank

(b)    The central allegations made in the Letter were that:

(i)    the addressees misrepresented to the Defendants and their American
Investors that the CBI program was transparent, and compliant with the law
regarding the minimum investment price;

(ii)    to the contrary, "during [the addressees'] administration thousands of
citizenship shares were illegally sold at prices that were a fraction of the
legal rate which was represented to the international community";

(iii)    this practice was illegal;

(iv)    this practice took place under the addressees' administration and
management;

(v)    The Defendants' investigation discovered "numerous potential violations of
United States laws including fraud, money laundering, tax evasion, and
corruption";

(vi)    Notwithstanding the representations by the addresses to the Defendants,
the Caribbean Galaxy Real Estate Corporation established fraudulent
network to sell shares of projects other than those of the Defendants at a
fraction of their legal price, especially concerning the Prison Project;[2]

(vii)    Instructions were given by the Defendants to their US lawyers to begin legal
action in the United States against the addressees, and all of their associated
conspirators, including Caribbean Galaxy Real Estate Corporation and Ying
Jin.

5.    With respect to paragraphs 5 and 6 of the S/C, the 1st Defendant:

---

[2] Defined in paragraph 8(e) below

(a)    denies paragraph 5(i). The Letter stated that the Defendants' investigations revealed numerous potential violations of US law, including fraud, money laundering, tax evasion, and corruption. The Letter did not state that the investigations revealed that the Claimant was guilty of all of these offences;

(b)    admits paragraphs 5(ii) and (iii);

(c)    admits paragraphs 6 save that with respect to paragraph 6(iv), denies that the Letter accused the Claimant of all offences indicated. The allegation against the Claimant is that he was guilty of corruption.

6.    With respect to paragraph 7 of the S/C:

(a)    The 1st Defendant states that they sent the Letter only to the addressees and the persons copied which was done by email; and

(b)    denies that:

(i)    it directed, or caused any to direct, the Letter to the attention of the media or any other persons other than as set out in paragraph 4(a) of this Defence;

(ii)    knew or intended that the Letter would be distributed to any persons other than the addressees and persons copied.

7.    Paragraph 8 of the S/C is admitted save that once filed in the United States, the claim will be a publicly accessible document. Further, the 1st Defendant does not understand the allegation that after it is filed the claim will be "leaked".

8.    With respect to paragraph 9 of the S/C, the 1st Defendant denies that it is any way actuated by malice, states that the allegations against the Claimant are true, and states further that :

(a)    by the Saint Christopher and Nevis Citizenship by Investment (Amendment) Regulations, 2021, SRO No. 8 of 2021, the Saint Christopher and Nevis Citizenship by Investment Regulations SRO No. 52 of 2011 were amended to introduce the Alternative Investment Option ("AIO") as a qualifying investment to apply for citizenship by Investment. The requirements for the AIO were set out in a new Section 5(c) and included:

(i)     an application for approval of a proposed project was to be submitted to the St. Kitts Investment Promotion Agency ("SKIPA") who was to review and then forward with its recommendations to the Cabinet;

(ii)    in the case of capital infrastructural raising projects, an investor could not utilise the Citizenship by Investment Programme for 100 per cent of the initiative;

(iii)   an investor or group of investors was required to contribute a minimum of 30 per cent of the required funds for the project;

(iv)    the main applicant for citizenship under the AIO was required to invest a minimum of US$200,000.00 in an approved infrastructural project or other approved development project.

(b)     SRO No. 8 of 2021 was amended by the Saint Christopher and Nevis Citizenship by Investment (Amendment) Regulations, 2022, SRO No. 7 of 2022. The amendments included:

(i)     replacing the title with the following new title "Specific Requirements for Alternative Investment Option for Private Enterprise Developers".

(ii)    With retroactive effect to December 1, 2021, added an option called the "Public Good Infrastructural Project or other approved Public Good Development Project", the developers of which were designated as "Public Good Project Developers";

(iii)   required a minimum investment of US$175,000.00 (inclusive of a government fee of US$50,000 for a family of 4);

(iv)    that any development was required to meet the following criteria:

(A)    the developer had to prove that the project is fully funded, upfront; and

(B)    the potential projects were to be identified and listed by Government as projects that may qualify as public good development projects.

(c)     Caribbean Galaxy was designated as an approved developer under AIO as a private developer;

(d)    However, pursuant to the Regulations, shares were to be allocated with respect to particular projects undertaken by AIO developers and not to the AIO developers independently of any designated project;

(e)    One such project for which Caribbean Galaxy was approved was the project for the construction of a new prison ("**the Prison Project**");

(f)    The Prison Project was not the project of a private developer and was retroactively designed a Public Good Project under SRO No. 7 of 2022;

(g)    Caribbean Galaxy was awarded 5,500 citizenship units for sale for the Prison Project, which at the legally required price would have yielded US$962.5 million;

(h)    No official information has been publicly disseminated as to the budgeted cost for the Prison Project. However, another party had tendered to carry out the project for US$30 million. Further, a former member of the Unity Administration, Mr. Mark Brantley, publicly stated that Cabinet had approved a budget in 2021 of EC$88 million for a new prison;

(i)    Caribbean Galaxy was therefore awarded units that under the law would yield in the region of 30 times the estimated cost.

(j)    There has been widespread media coverage of corruption with respect to the Prison Project. For example:

    (i)    On his radio show "On the Mark" on November 15, 2023, Mark Brantley Premier of Nevis and former Minister of Foreign Affairs and a member of the Federal Cabinet when the Prison Project was awarded, stated that the Prison Project is the touchstone for the difficulties and corruption that the CBI program faced and that an inner circle of high government officials (including members of the Cabinet) allowed massive underselling by Caribbean Galaxy and Ying Jin of the units for the Prison Project;

    (ii)    On August 5, 2022, Daily Business published an article referenced the allegations of corruption surrounding the Prison Project;

    (iii)    On 28 June 2022, WIC News published an article reporting that PAM and CCM, two parties that were in Cabinet at the time the Prison Project was awarded, pledged to suspend the Prison Project if elected and reported the description of the Prison Project by Brantley as a "scam";

(iv)    On December 12, 2022, NevisPages.com published an article reporting that Les Khan ("Khan"), the former head of the CIU, was asked to resign by the new Administration and reported that it came to light that "there have been various allegations that Khan has taken kickbacks from a developer, and in exchange, he favoured the developer by allocating thousands of CBI applications under a special project. Les Khan had been infamous for his involvement surrounding the multi-billion prison project under the leadership of former Prime Minister Timothy Harris. To CBI, this project has been highly controversial, so much so, that the new Government is now undertaking a thorough investigation into the matter to find out the level of Khan's involvement in this project. His involvement was one of the focal issues during the elections and fueled the loss of Timothy Harris' Peoples Labour Party, after a Middle East-based news channel Middle Eastern Times reported the 'prison scandal'";

(k)    Such allegations of corruption were a central issue in the election campaigns leading up to the General Elections in 2022;

(l)    These allegations led to public statements by officials in the Government, including by Khan in an attempt to dispel public concerns;

(m)    The only other project built by Caribbean Galaxy is what is known as "the Ramada Project". This project was marred by delayed completion and to date it is not publicly verifiable that the hotel is in operation. As of the date of this Defence, there are still incomplete structures on the property visible from the Island Main Road.

(n)    The allegations of corruption include:

    (i)    The illegal selling of CBI Units for less that the legally mandated price; and

    (ii)    The payment of bribes to government officials, or persons who were former government officials.

(o)    Prior to May 2022, Caribbean Galaxy Real Estate Corporation was purportedly authorised to implement and develop the Prison Project under the AIO introduced by SRO No 8 of 2021;

(p)    By SRO No. 7 of 2022 dated 12th May 2022, signed by the Claimant, the then Prime Minister and Minister of National Security, SRO No. 8 of 2021 was amended to

bifurcate the AIO into the "Alternative Investment Option for a Private Enterprise Developer" and "Alternative Investment Option for a Public Good Project Developer" with retroactive effect to 1st December 2021;

(q)   The Prison Project was approved prior to SRO No. 7 of 2022 and SRO No. 8 of 2021 was passed to regularize such approval which was then treated as having been approved under the Alternative Investment Option for a Public Good Project Developer option.

(r)   As set out above, the requirements for this option included that to qualify for citizenship, a person was by law required to invest a minimum of $175,000 which included a fixed Government fee of US$50,000;

(s)   Caribbean Galaxy Real Estate Corporation sold most if not all of the citizenship units allocated to the Prison Project for a fraction of the price mandated by law.

(t)   Further, with respect to the Ramada Project, which was an authorised investment under the real estate option:

(A)   The minimum investment, whether in the direct purchase of the real estate, or through a holding company, was US$200,000;

(B)   By virtue of section 4(2) of the Saint Christopher and Nevis Citizenship (CBI Escrow Accounts) Act Cap. 21.27, the entire purchase money was required to be deposited with an escrow agent prior to the submission of the application for citizenship;

(C)   Caribbean Galaxy Real Estate Corporation implemented various schemes to enable it to sell the required investments for significantly less than the statutory minimum, including but not limited to:

I.   Sale of shares in non-existent companies; and

II.   Sale of shares with guaranteed but non-existent returns on investment;

(D)   In furtherance of this unlawful scheme, Caribbean Galaxy Real Estate Corporation conspired with escrow agents to falsely inform the Citizenship by Investment Unit that the relevant applicants/investors had deposited the requisite investment with the escrow agent when in

fact no such deposit was made, the escrow agent instead rolling over its own funds and falsely declaring them to be deposits paid by the relevant applicants/investors;

(E)   This unlawful scheme was designed by Caribbean Galaxy Real Estate Corporation to sell the requisite investments for less than the legal minimum;

(u)   In addition to conspiring with escrow agents with respect to the real estate option, Caribbean Galaxy Real Estate Corporation conspired with other persons to unlawfully sell citizenship units in the Prison Project for less than the mandated minimum. In particular:

(A)   Khan was at all material times the head of the Citizenship by Investment Unit. At all material times Khan was well aware of the breaches by Caribbean Galaxy Corporation of the law in underselling the requisite investments and nonetheless processed applications submitted by or on behalf of Caribbean Galaxy Real Estate Corporation;

(B)   Khan was influenced to permit this unlawful behaviour by the payment to him by Caribbean Galaxy Real Estate Corporation and Ying Jin of bribes, and by providing him perquisites such as gifts and travel on a private jet owned or leased by Caribbean Galaxy Real Estate Corporation and Ying Jin;

(C)   Prior to 2015, Denzil Douglas ("**Douglas**") was Prime Minister of St. Kitts and Nevis and Minister of National Security. At all material times Douglas was well aware of the breaches by Caribbean Galaxy Real Estate Corporation and Ying Jin of the law in underselling the requisite investments and nonetheless processed applications submitted by or on behalf of Caribbean Galaxy Real Estate Corporation and Ying Jin;

(D)   Douglas was influenced to permit this unlawful behaviour by the payment to him by Caribbean Galaxy Real Estate Corporation and Ying Jin of bribes, by Ying Jin engaging in a sexual relationship with him, and by providing him perquisites such as gifts;

(E)   Between 2015 and 2022, the Claimant was well aware of the breaches by Caribbean Galaxy Real Estate Corporation and Ying Jin of the law in underselling the requisite investments and nonetheless processed

applications submitted by or on behalf of Caribbean Galaxy Real Estate Corporation and Ying Jin;

(F)    The Claimant was influenced to permit this unlawful behaviour by the payment to him by Caribbean Galaxy Real Estate Corporation and Ying Jin of bribes, by providing him perquisites such as gifts and by allocating large numbers of applications to be process by Nicola Capital Limited, a processing agent owned by Lenworth Harris and Alexis Nisbett, the brother and nephew of the Claimant respectively.

(v)    In addition to the foregoing:

(i)    Khan fraudulently altered the applications of applicants who had applied under the Hurricane Relief Fund and falsely represented and processed them as having been made under the Prison Project;

(ii)    Khan provided confidential information to Caribbean Galaxy Real Estate Corporation and Ying Jin to enable them to compete unfairly with other developers and agents to the point where Caribbean Galaxy Real Estate Corporation and Ying Jin controlled 90% of the CBI market in St. Kitts and Nevis;

(iii)    Khan and the Claimant unlawfully conspired to award Caribbean Galaxy Real Estate Corporation and Ying Jin 5,500 citizenship units for the Prison Project knowing full well that it was estimated to cost $88 million; that the lawful proceeds of those allocated units would amount to US$962.5 million; and thereby knew full well that Caribbean Galaxy Real Estate Corporation and Ying Jin intended to sell the said units unlawfully at reduced prices.

(w)    Several predicate offences were committed by the Claimant, Caribbean Galaxy Real Estate Corporation and Ying Jin including:

(i)    The payment to and receipt by government officials, including Douglas, Harris and Khan, of bribes;

(ii)    Aiding and abetting the fraudulent issue of passports to applicants who breached the law of St. Kitts and Nevis,

(iii)    Aiding and abetting the commission of an offence under Section 4(7) of the Saint Christopher and Nevis Citizenship (CBI Escrow Accounts) Act Cap. 21.27;

(iv)   Conspiracy to commit the aforesaid offences.

(x)   The dealings by those individuals with proceeds of the said crimes was money laundering.

(y)   The matters set out in this paragraph 8 establish a widespread course of corruption and illegal conduct by the named individuals and others in the conduct of the CBI program in St. Kitts and Nevis.

9.   The 1st Defendant:

(a)   admits paragraph 10(i) of the S/C.

(b)   with respect to paragraph 10(ii) states:

(i)   that the claim it intends to bring in the United States does contain more allegations that set out in the Letter;

(ii)   its intent is to seek compensation for the misrepresentations made to it as to the true value and selling price of the CBI Units of other developers;

(iii)   any damage to the CBI program from such a claim will result, if at all, from the unlawful way in which it was conducted under the stewardship of the Claimant and others;

(c)   with respect to paragraph 10(iii), repeats paragraph 8 above.

10.   With respect to paragraph 11, the 1st Defendant repeats paragraph 9 of this defence.

Dated this 21st day of May, 2024.

……………………………………………………………….
Damian E. S. Kelsick, KC
Partner
KELSICK, WILKIN & FERDINAND
Attorneys-at-Law for the 1st Defendant

CERTIFICATE OF TRUTH

I, Philippe Martinez, the 1st Defendant, certify that I believe that the facts stated in this Defence are true.

Dated this 21st day of May, 2024.

..................................................................................

PHILIPPE MARTINEZ
FIRST DEFENDANT

This Defence is filed by Damian E. S. Kelsick KC, Partner, KELSICK, WILKIN & FERDINAND, Attorneys-at-Law for the 1st Defendant, whose address for service in connection with this Claim is Chambers, Fred Kelsick Building, Independence Square South, Basseterre, St. Kitts.

The Court Office is at East Independence Square, Basseterre, St. Kitts, telephone number 465- 2195, Fax No. 465-2482.  The office is open between 9:00 a.m and 3:30 p.m Mondays to Fridays and between 9:00 a.m and 12:00 noon on Saturdays except Public Holidays.

THE EASTERN CARIBBEAN SUPREME COURT

IN THE HIGH COURT OF JUSTICE

FEDERATION OF SAINT CHRISTOPHER AND NEVIS

SAINT CHRISTOPHER CIRCUIT

CLAIM NO. SKBHCV2023/0236


BETWEEN:

[1]    TIMOTHY HARRIS

-*Claimant*

AND

[1]    PHILIPPE MARTINEZ
[2]    MSR MEDIA SKN LTD

-*Defendants*


DEFENCE OF FIRST DEFENDANT


Damian E. S. Kelsick, KC Partner
KELSICK, WILKIN & FERDINAND
Attorneys-at-Law for the 1st Defendant

**Case Number :SKBHCV2023/0236**

THE EASTERN CARIBBEAN SUPREME COURT
IN THE HIGH COURT OF JUSTICE
SAINT CHRISTOPHER AND NEVIS
SAINT CHRISTOPHER CIRCUIT

CLAIM NO. SKBHCV2023/0236

BETWEEN:          **DR. TIMOTHY HARRIS**

*Claimant*

**and**

**[1] PHILIPPE MARTINEZ**
**[2] MSR MEDIA SKN LTD**                    *Defendants*

**Submitted Date:05/02/2024 13:28**

**Filed Date:05/02/2024 13:28**

**Fees Paid:52.00**

<u>**DEFENCE OF 2ND DEFENDANT**</u>

1.    Paragraph 1 of the Statement of Claim ("S/C") is admitted.

2.    Paragraph 2 of the S/C is admitted save that MSR Media has a board of directors which is its directing mind. Philippe Martinez is one of its directors.

3.    With respect to Paragraph 3 of the S/C:

   (a)   It is admitted that the 2nd Defendant was incorporated in Nevis and is the producer of movies shot in St. Kitts and Nevis;

   (b)   It is denied that the 2nd Claimant was paid US$150,000 per month by the Nevis Island Administration;

   (c)   The 2nd Defendant's complaint is not that it was and is not performing as expected as a result of the success of other CBI developers. Rather, the 2nd Defendant's complaints are as set out in paragraph 4(b) below;

   (d)   The 2nd Defendant denies that it ever asserted that the Claimant managed the CBI program. However:

      (i)   During the period 2015 to August 2022, the Claimant, in his capacity as Prime Minister and Minister of National Security:

> (A)    was the minister responsible for citizenship by investment;
>
> (B)    was responsible for signing all certificates of citizenship issued to successful CBI applicants;
>
> (C)    was the minister responsible for the management of the Citizenship by Investment Unit;
>
> (D)    was the minister ultimately responsible for the operations of the Citizenship by Investment Unit;
>
> (E)    was the minister responsible for presentation to Cabinet of proposals of developments seeking to be conducted under the CBI program;
>
> (F)    was the minister responsible for presenting to Cabinet the proposal by Caribbean Galaxy Real Estate Corporation with respect to the Prison Project[1].

4.    With respect to paragraph 4 of the S/C:

(a)    the 2nd Defendant states that on 17th November 2023 the Defendants issued a pre-action demand letter of that date addressed to the Claimant, Leslie Khan ("**Khan**") and Vincent Byron. The letter was copied to:

| | |
|---|---|
| William P. Barry, Miller Chevalier, | Ms. Ying Jin, CEO, Caribbean Galaxy Real Estate Corporation |
| Sandeep Prasanna, Miller Chevalier | Damian Kelsick, Attorney at Law |
| Mark Brantley, Premier Of Nevis | Dwyer Astaphan, Attorney at Law |
| Garth Wilkin, Attorney General, St. Kitts and Nevis | Daisy Randal, Attorney at Law |
| Paul Singh and Catherine Coup, CS Global | Sylvester Anthony, CIU |

---

[1] Define in paragraph 8(e) below

Farron Lawrence, CaribTrust Ltd.

Lee Beasley, MSR Media SKN Ltd.

Dorietta Fraites, SKIPA

Terrence A. Crossman, St. Kitts-Nevis Anguilla National Bank

(b)  The central allegations made in the Letter were that:

    (i)  the addressees misrepresented to the Defendants and their American Investors that the CBI program was transparent, and compliant with the law regarding the minimum investment price;

    (ii)  to the contrary, "during [the addressees'] administration thousands of citizenship shares were illegally sold at prices that were a fraction of the legal rate which was represented to the international community";

    (iii)  this practice was illegal;

    (iv)  this practice took place under the addressees' administration and management;

    (v)  The Defendants' investigation discovered "numerous potential violations of United States laws including fraud, money laundering, tax evasion, and corruption";

    (vi)  Notwithstanding the representations by the addresses to the Defendants, the Caribbean Galaxy Real Estate Corporation established fraudulent network to sell shares of projects other than those of the Defendants at a fraction of their legal price, especially concerning the Prison Project;[2]

    (vii)  Instructions were given by the Defendants to their US lawyers to begin legal action in the United States against the addressees, and all of their associated conspirators, including Caribbean Galaxy Real Estate Corporation and Ying Jin.

5.  With respect to paragraphs 5 and 6 of the S/C, the 2nd Defendant:

---

[2] Defined in paragraph 8(e) below

(a) denies paragraph 5(i). The Letter stated that the 2nd Defendant's investigations revealed numerous potential violations of US law, including fraud, money laundering, tax evasion, and corruption. The Letter did not state that the investigations revealed that the Claimant was guilty of all of these offences;

(b) admits paragraphs 5(ii) and (iii);

(c) admits paragraphs 6 save that with respect to paragraph 6(iv), denies that the Letter accused the Claimant of all offences indicated. The allegation against the Claimant is that he was guilty of corruption.

6. With respect to paragraph 7 of the S/C:

(a) The 2nd Defendant states that they sent the Letter only to the addressees and the persons copied which was done by email; and

(b) denies that:

(i) it directed, or caused any to direct, the Letter to the attention of the media or any other persons other than as set out in paragraph **Error! Reference source not found.** of this Defence;

(ii) knew or intended that the Letter would be distributed to any persons other than the addressees and persons copied.

7. Paragraph 8 of the S/C is admitted save that once filed in the United States, the claim will be a publicly accessible document. Further, the 2nd Defendant does not understand the allegation that after it is filed the claim will be "leaked".

8. With respect to paragraph 9 of the S/C, the 2nd Defendant denies that it is any way actuated by malice, states that the allegations against the Claimant are true, and states further that :

(a) by the Saint Christopher and Nevis Citizenship by Investment (Amendment) Regulations, 2021, SRO No. 8 of 2021, the Saint Christopher and Nevis Citizenship by Investment Regulations SRO No. 52 of 2011 were amended to introduce the Alternative Investment Option ("AIO") as a qualifying investment to apply for citizenship by Investment. The requirements for the AIO were set out in a new Section 5(c) and included:

(i)    an application for approval of a proposed project was to be submitted to the St. Kitts Investment Promotion Agency ("SKIPA") who was to review and then forward with its recommendations to the Cabinet;

(ii)    in the case of capital infrastructural raising projects, an investor could not utilise the Citizenship by Investment Programme for 100 per cent of the initiative;

(iii)    an investor or group of investors was required to contribute a minimum of 30 per cent of the required funds for the project;

(iv)    the main applicant for citizenship under the AIO was required to invest a minimum of US$200,000.00 in an approved infrastructural project or other approved development project.

(b)    SRO No. 8 of 2021 was amended by the Saint Christopher and Nevis Citizenship by Investment (Amendment) Regulations, 2022, SRO No. 7 of 2022. The amendments included:

(i)    replacing the title with the following new title "Specific Requirements for Alternative Investment Option for Private Enterprise Developers".

(ii)    With retroactive effect to December 1, 2021, added an option called the "Public Good Infrastructural Project or other approved Public Good Development Project", the developers of which were designated as "Public Good Project Developers";

(iii)    required a minimum investment of US$175,000.00 (inclusive of a government fee of US$50,000 for a family of 4);

(iv)    that any development was required to meet the following criteria:

(A)    the developer had to prove that the project is fully funded, upfront; and

(B)    the potential projects were to be identified and listed by Government as projects that may qualify as public good development projects.

(c)    Caribbean Galaxy was designated as an approved developer under AIO as a private developer;

(d)     However, pursuant to the Regulations, shares were to be allocated with respect to particular projects undertaken by AIO developers and not to the AIO developers independently of any designated project;

(e)     One such project for which Caribbean Galaxy was approved was the project for the construction of a new prison ("**the Prison Project**");

(f)     The Prison Project was not the project of a private developer and was retroactively designed a Public Good Project under SRO No. 7 of 2022;

(g)     Caribbean Galaxy was awarded 5,500 citizenship units for sale for the Prison Project, which at the legally required price would have yielded US$962.5 million;

(h)     No official information has been publicly disseminated as to the budgeted cost for the Prison Project. However, another party had tendered to carry out the project for US$30 million. Further, a former member of the Unity Administration, Mr. Mark Brantley, publicly stated that Cabinet had approved a budget in 2021 of EC$88 million for a new prison;

(i)     Caribbean Galaxy was therefore awarded units that under the law would yield in the region of 30 times the estimated cost.

(j)     There has been widespread media coverage of corruption with respect to the Prison Project. For example:

(i)     On his radio show "On the Mark" on November 15, 2023, Mark Brantley Premier of Nevis and former Minister of Foreign Affairs and a member of the Federal Cabinet when the Prison Project was awarded, stated that the Prison Project is the touchstone for the difficulties and corruption that the CBI program faced and that an inner circle of high government officials (including members of the Cabinet) allowed massive underselling by Caribbean Galaxy and Ying Jin of the units for the Prison Project;

(ii)    On August 5, 2022, Daily Business published an article referenced the allegations of corruption surrounding the Prison Project;

(iii)   On 28 June 2022, WIC News published an article reporting that PAM and CCM, two parties that were in Cabinet at the time the Prison Project was awarded, pledged to suspend the Prison Project if elected and reported the description of the Prison Project by Brantley as a "scam";

(iv)  On December 12, 2022, NevisPages.com published an article reporting that Les Khan ("Khan"), the former head of the CIU, was asked to resign by the new Administration and reported that it came to light that "there have been various allegations that Khan has taken kickbacks from a developer, and in exchange, he favoured the developer by allocating thousands of CBI applications under a special project. Les Khan had been infamous for his involvement surrounding the multi-billion prison project under the leadership of former Prime Minister Timothy Harris. To CBI, this project has been highly controversial, so much so, that the new Government is now undertaking a thorough investigation into the matter to find out the level of Khan's involvement in this project. His involvement was one of the focal issues during the elections and fueled the loss of Timothy Harris' Peoples Labour Party, after a Middle East-based news channel Middle Eastern Times reported the 'prison scandal'";

(k)  Such allegations of corruption were a central issue in the election campaigns leading up to the General Elections in 2022;

(l)  These allegations led to public statements by officials in the Government, including by Khan in an attempt to dispel public concerns;

(m)  The only other project built by Caribbean Galaxy is what is known as "the Ramada Project". This project was marred by delayed completion and to date it is not publicly verifiable that the hotel is in operation. As of the date of this Defence, there are still incomplete structures on the property visible from the Island Main Road.

(n)  The allegations of corruption include:

(i)  The illegal selling of CBI Units for less that the legally mandated price; and

(ii)  The payment of bribes to government officials, or persons who were former government officials.

(o)  Prior to May 2022, Caribbean Galaxy Real Estate Corporation was purportedly authorised to implement and develop the Prison Project under the AIO introduced by SRO No 8 of 2021;

(p)  By SRO No. 7 of 2022 dated 12th May 2022, signed by the Claimant, the then Prime Minister and Minister of National Security, SRO No. 8 of 2021 was amended to

bifurcate the AIO into the "Alternative Investment Option for a Private Enterprise Developer" and "Alternative Investment Option for a Public Good Project Developer" with retroactive effect to 1st December 2021;

(q)    The Prison Project was approved prior to SRO No. 7 of 2022 and SRO No. 8 of 2021 was passed to regularize such approval which was then treated as having been approved under the Alternative Investment Option for a Public Good Project Developer option.

(r)    As set out above, the requirements for this option included that to qualify for citizenship, a person was by law required to invest a minimum of $175,000 which included a fixed Government fee of US$50,000;

(s)    Caribbean Galaxy Real Estate Corporation sold most if not all of the citizenship units allocated to the Prison Project for a fraction of the price mandated by law.

(t)    Further, with respect to the Ramada Project, which was an authorised investment under the real estate option:

    (A)    The minimum investment, whether in the direct purchase of the real estate, or through a holding company, was US$200,000;

    (B)    By virtue of section 4(2) of the Saint Christopher and Nevis Citizenship (CBI Escrow Accounts) Act Cap. 21.27, the entire purchase money was required to be deposited with an escrow agent prior to the submission of the application for citizenship;

    (C)    Caribbean Galaxy Real Estate Corporation implemented various schemes to enable it to sell the required investments for significantly less than the statutory minimum, including but not limited to:

        I.    Sale of shares in non-existent companies; and

        II.    Sale of shares with guaranteed but non-existent returns on investment;

    (D)    In furtherance of this unlawful scheme, Caribbean Galaxy Real Estate Corporation conspired with escrow agents to falsely inform the Citizenship by Investment Unit that the relevant applicants/investors had deposited the requisite investment with the escrow agent when in

fact no such deposit was made, the escrow agent instead rolling over its own funds and falsely declaring them to be deposits paid by the relevant applicants/investors;

    (E)    This unlawful scheme was designed by Caribbean Galaxy Real Estate Corporation to sell the requisite investments for less than the legal minimum;

(u)    In addition to conspiring with escrow agents with respect to the real estate option, Caribbean Galaxy Real Estate Corporation conspired with other persons to unlawfully sell citizenship units in the Prison Project for less than the mandated minimum. In particular:

    (A)    Khan was at all material times the head of the Citizenship by Investment Unit. At all material times Khan was well aware of the breaches by Caribbean Galaxy Corporation of the law in underselling the requisite investments and nonetheless processed applications submitted by or on behalf of Caribbean Galaxy Real Estate Corporation;

    (B)    Khan was influenced to permit this unlawful behaviour by the payment to him by Caribbean Galaxy Real Estate Corporation and Ying Jin of bribes, and by providing him perquisites such as gifts and travel on a private jet owned or leased by Caribbean Galaxy Real Estate Corporation and Ying Jin;

    (C)    Prior to 2015, Denzil Douglas ("**Douglas**") was Prime Minister of St. Kitts and Nevis and Minister of National Security. At all material times Douglas was well aware of the breaches by Caribbean Galaxy Real Estate Corporation and Ying Jin of the law in underselling the requisite investments and nonetheless processed applications submitted by or on behalf of Caribbean Galaxy Real Estate Corporation and Ying Jin;

    (D)    Douglas was influenced to permit this unlawful behaviour by the payment to him by Caribbean Galaxy Real Estate Corporation and Ying Jin of bribes, by Ying Jin engaging in a sexual relationship with him, and by providing him perquisites such as gifts;

    (E)    Between 2015 and 2022, the Claimant was well aware of the breaches by Caribbean Galaxy Real Estate Corporation and Ying Jin of the law in underselling the requisite investments and nonetheless processed

applications submitted by or on behalf of Caribbean Galaxy Real Estate Corporation and Ying Jin;

(F)     The Claimant was influenced to permit this unlawful behaviour by the payment to him by Caribbean Galaxy Real Estate Corporation and Ying Jin of bribes, by providing him perquisites such as gifts and by allocating large numbers of applications to be process by Nicola Capital Limited, a processing agent owned by Lenworth Harris and Alexis Nisbett, the brother and nephew of the Claimant respectively.

(v)     In addition to the foregoing:

(i)     Khan fraudulently altered the applications of applicants who had applied under the Hurricane Relief Fund and falsely represented and processed them as having been made under the Prison Project;

(ii)    Khan provided confidential information to Caribbean Galaxy Real Estate Corporation and Ying Jin to enable them to compete unfairly with other developers and agents to the point where Caribbean Galaxy Real Estate Corporation and Ying Jin controlled 90% of the CBI market in St. Kitts and Nevis;

(iii)   Khan and the Claimant unlawfully conspired to award Caribbean Galaxy Real Estate Corporation and Ying Jin 5,500 citizenship units for the Prison Project knowing full well that it was estimated to cost $88 million; that the lawful proceeds of those allocated units would amount to US$962.5 million; and thereby knew full well that Caribbean Galaxy Real Estate Corporation and Ying Jin intended to sell the said units unlawfully at reduced prices.

(w)     Several predicate offences were committed by the Claimant, Caribbean Galaxy Real Estate Corporation and Ying Jin including:

(i)     The payment to and receipt by government officials, including Douglas, Harris and Khan, of bribes;

(ii)    Aiding and abetting the fraudulent issue of passports to applicants who breached the law of St. Kitts and Nevis,

(iii)   Aiding and abetting the commission of an offence under Section 4(7) of the Saint Christopher and Nevis Citizenship (CBI Escrow Accounts) Act Cap. 21.27;

(iv)  Conspiracy to commit the aforesaid offences.

(x)  The dealings by those individuals with proceeds of the said crimes was money laundering.

(y)  The matters set out in this paragraph 8 establish a widespread course of corruption and illegal conduct by the named individuals and others in the conduct of the CBI program in St. Kitts and Nevis.

9.  The 2nd Defendant:

(a)  admits paragraph 10(i) of the S/C.

(b)  with respect to paragraph 10(ii) states:

   (i)  that the claim it intends to bring in the United States does contain more allegations that set out in the Letter;

   (ii)  its intent is to seek compensation for the misrepresentations made to it as to the true value and selling price of the CBI Units of other developers;

   (iii)  any damage to the CBI program from such a claim will result, if at all, from the unlawful way in which it was conducted under the stewardship of the Claimant and others;

(c)  with respect to paragraph 10(iii), repeats paragraph 8 above.

10.  With respect to paragraph 11, the 2nd Defendant repeats paragraph 9 of this defence.

Dated this 6th day of February, 2024.

………………………………………………………………….
Damian E. S. Kelsick, KC
Partner
KELSICK, WILKIN & FERDINAND
Attorneys-at-Law for the 2nd Defendant

<u>CERTIFICATE OF TRUTH</u>

I, Philippe Martinez, the Director of the 2nd Defendant, certify on behalf of the 2nd Defendant that I believe that the facts stated in this Defence are true.

Dated this      6th  day of February, 2024.

.......................................................................................

PHILIPPE MARTINEZ
Director
MSR MEDIA SKN LIMITED

This Defence is filed by Damian E. S. Kelsick KC, Partner, KELSICK, WILKIN & FERDINAND, Attorneys-at-Law for the 2nd Defendant, whose address for service in connection with this Claim is Chambers, Fred Kelsick Building, Independence Square South, Basseterre, St. Kitts.

The Court Office is at East Independence Square, Basseterre, St. Kitts, telephone number 465- 2195, Fax No. 465-2482.  The office is open between 9:00 a.m and 3:30 p.m Mondays to Fridays and between 9:00 a.m and 12:00 noon on Saturdays except Public Holidays.

THE EASTERN CARIBBEAN SUPREME COURT

IN THE HIGH COURT OF JUSTICE

FEDERATION OF SAINT CHRISTOPHER AND NEVIS

SAINT CHRISTOPHER CIRCUIT

CLAIM NO. SKBHCV2023/0236


BETWEEN:

[1]    TIMOTHY HARRIS

*-Claimant*

AND

[1]    PHILIPPE MARTINEZ
[2]    MSR MEDIA SKN LTD

*-Defendants*


<u>DEFENCE OF SECOND DEFENDANT</u>



Damian E. S. Kelsick, KC Partner
KELSICK, WILKIN & FERDINAND
Attorneys-at-Law for the 2nd Defendant