UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of : | |
| : | |
| PHILIPPE MARTINEZ, : | Case No. 24-mc-306-RA-SN |
| MSR MEDIA SKN LTD., : | |
| : | |
| Applicants, for an Order Pursuant to : | |
| 28 U.S.C. § 1782 to Conduct Discovery : | |
| for Use in a Foreign Proceeding. : | |

**APPLICANTS' RESPONSE TO INTERVENORS' SUPPLEMENTAL MEMORANDUM
OF LAW IN OPPOSITION TO THEIR APPLICATION FOR
AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY
<u>FOR USE IN A FOREIGN PROCEEDING</u>**

**MILLER & CHEVALIER CHARTERED**

Sandeep Prasanna (Bar No. 5463799)
Calvin Lee (Bar No. 5621677)
Laura G. Ferguson (*pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5981
Facsimile: (202) 626-5801
Email: sprasanna@milchev.com
clee@milchev.com
lferguson@milchev.com

Dated: September 12, 2024

*Attorneys for Applicants, Philippe Martinez
and MSR Media SKN Limited*

## INTRODUCTION

Applicants Philippe Martinez and MSR Media SKN Ltd. ("MSR") are defendants in a lawsuit filed by Caribbean Galaxy Real Estate Corp. ("Caribbean Galaxy") and Ying Jin, Caribbean Galaxy's CEO during the relevant period, in the High Court of Justice of the Federation of Saint Christopher and Nevis ("St. Kitts and Nevis") on December 8, 2023. *See* ECF No. 12-1 (Statement of Claim); *see also* ECF No. 12-1 (Declaration of Damian E.S. Kelsick) (describing the defamation lawsuit).

As permitted by 28 U.S.C. § 1782, Applicants seek discovery in the United States in aid of responding to Caribbean Galaxy and Ying Jin's claims in the St. Kitts and Nevis defamation proceeding, as well as for a related proceeding filed by former St. Kitts and Nevis Prime Minister Timothy Harris (collectively, "Foreign Defamation Proceedings"). Specifically, Applicants seek bank records that they reasonably believe will offer evidence of Caribbean Galaxy's corrupt scheme to undersell Citizenship by Investment ("CBI") units in St. Kitts and Nevis and kickbacks and bribes paid to public officials and participants in the CBI Program. Such evidence would directly support MSR's defense in the Foreign Defamation Proceedings.

Applicants have also sought § 1782 discovery of bank records from three banks located in the Southern District of Florida. On July 23, 2024, the U.S. District Court for the Southern District of Florida granted, over Ying Jin and Caribbean Galaxy's opposition, Applicants' application. Order, *In re Martinez*, No. 24-cv-20492 (S.D. Fla.) ("Florida § 1782 Action"), ECF No. 42. Two of those banks, Bank of America and Wells Fargo, have already produced responsive records.

In the Florida § 1782 Action, Caribbean Galaxy and Ying Jin moved for reconsideration of the July 23 Order granting the § 1782 Application, relying, as they do here, on recent interviews with Mr. Martinez. *Id.*, ECF No. 44. Magistrate Judge Reinhart denied their motion, concluding:

1

"The new evidence may support the conclusion that the Applicants intend to use the § 1782 discovery in the RICO litigation, but it does not refute that they also intend to use that evidence in proceedings in St. Kitts and Nevis." *Id.*, ECF No. 54 at 2.

In their Supplemental Memorandum, Caribbean Galaxy, Ying Jin, and Galaxy Group (collectively, the "Caribbean Galaxy Parties" or "Intervenors") argue that, as a matter of law, § 1782 discovery may not have a dual purpose, and, alternatively, that there is no dual purpose here, but rather a single purpose of using the discovery in the U.S. civil RICO action. They extensively quote two interviews Mr. Martinez gave on August 1 and 21 with DBS TV, a television station in St. Lucia, in which Mr. Martinez spoke of potentially expanding his U.S. civil RICO suit to include defendants involved in St. Lucia's CBI Program. ECF No. 36 at 4–6. According to the Caribbean Galaxy Parties, "the discovery Petitioners seek encompasses information wholly unrelated to, and not at issue in the St. Kitts and Nevis Proceedings, including transactions related to purported misconduct in St. Lucia." *Id.* at 3. For the reasons discussed below, Applicants satisfy § 1782's "for use" requirement, because the discovery sought is directly relevant to the Foreign Defamation Proceedings. Given that the Foreign Defamation Proceedings arise out of claims that the civil RICO pre-action letter is defamatory, both the Foreign Defamation Proceedings and the civil RICO action inevitably involve the same subject matter: fraud and corruption in the St. Kitts and Nevis CBI Program, especially as it relates to the underselling of CBI Units by Caribbean Galaxy. The fact that discovery relevant to Foreign Defamation Proceedings also is potentially relevant to the civil RICO action is not a bar to § 1782 discovery. Further, as previously briefed, the *Intel* factors also weigh in favor of discovery, and a protective order is not warranted.

**ARGUMENT**

I.   **The Discovery Sought is "For Use" in the Foreign Defamation Proceedings.**

   A.   **There Is No Prohibition on Dual Use.**

Struggling to explain why the § 1782 Application should be denied here, when a similar application was granted in the Florida § 1782 Action, the Caribbean Galaxy Parties contend that, in "*In re Postalis*, the court rejected the dual-purpose argument upon which Petitioners rely heavily here." ECF No. 36 at 3–4. But that is not true. In that case, the court found that the petitioner's "assertions that the requested discovery is for use in the Brazilian proceedings are not credible." *In re Postalis*, No. 18-mc-497, 2018 WL 6725406, at *4 (S.D.N.Y. Dec. 20, 2018). There the subpoena was "focuse[d] on the conduct and knowledge of BNY Mellon related to the investment funds, even though BNY Mellon [was] not a party in any of the Brazilian litigations." *Id.* Thus, the *In re Postalis* court did not hold that, as a matter of law, discovery that is relevant to a foreign proceeding is not "for use" in that proceeding if it also can also be used in a different proceeding; rather, it found, as a factual matter, that the discovery was sought for use *only* in the United States proceeding. Similarly, the Caribbean Galaxy Parties rely on *Certain Fund. v. KPMG, L.L.P.*, 798 F.3d 113, 120 n.7 (2d Cir. 2015), ECF No. 36 at 8, but that case simply stated that "it is difficult to conceive how information that is plainly irrelevant to the foreign proceeding could be said to be 'for use' in that proceeding." Thus, *Certain Fund* also does not prohibit a dual use.[1]

---

[1] The Caribbean Galaxy Parties also cite (ECF No. 36 at 8) *Jiangsu S.S. Co., Ltd. v. Success Super. Ltd.*, 2015 WL 3439220, at *5 (S.D.N.Y. Feb. 5, 2015) (denying § 1782 application where "most, if not all of the information that would be obtained by the § 1782 subpoenas to U.S. institutions *could only be used in a proceeding in the United States*") (emphasis added), and *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 n.17 (1978) ("when the purpose of a discovery request is to gather information *for use in proceedings other than the pending suit*, discovery properly is denied") (emphasis added). Neither case supports their novel "no dual use" theory.

The Caribbean Galaxy Parties can cite no authority supporting their position that § 1782 discovery is not permitted if discovery is for use in both a foreign and domestic proceeding. For good reason. Such a position is contrary to the plain language of the statute, which requires only that the discovery sought be "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782.

Remarkably, the Caribbean Galaxy Parties claim that it is irrelevant that Caribbean Galaxy and other targets of the § 1782 discovery (Ying Jin and Timothy Harris) initiated the foreign defamation proceedings, not the Applicants. ECF No. 36 at 7. This position is untenable. Where, as here, the § 1782 applicant is a defendant in the foreign proceeding, there can be no claim that the applicant brought the foreign proceeding as a pretext or subterfuge to obtain U.S. discovery. The Caribbean Galaxy Parties cannot both rely on cases stating that § 1782 discovery should be denied where the foreign proceeding is brought as a pretext and simultaneously argue that it is irrelevant that the Applicants here did not initiate the foreign proceedings. Courts, including in the *Certain Fund* case on which the Caribbean Galaxy Parties rely, also have rejected § 1782 applications as not satisfying the "for use" requirement where the foreign litigation has not been initiated and was not even within "reasonable contemplation" at the time of the § 1782 request. *See Certain Fund*, 789 F.3d at 124–25 ("at the time the evidence was sought in this case, the Funds had done little to make an objective showing that the planned proceedings were within reasonable contemplation"). Here, in contrast, there are actual foreign proceedings underway: proceedings initiated by Caribbean Galaxy and Ying Jin. Mr. Martinez informed Caribbean Galaxy and Ying Jin of his intention of filing a civil RICO action; they claimed his pre-action letter was defamatory and filed suit against him. Their efforts to limit his ability to conduct discovery to defend in that defamation action should be rejected.

### B. The Discovery Sought Is "For Use" in the Foreign Defamation Proceedings.

The Caribbean Galaxy Parties emphasize the potential use of the § 1782 discovery in the U.S. civil RICO action, while implausibly asserting that the discovery seeks "information wholly unrelated to, and not at issue, in the St. Kitts and Nevis Proceedings." ECF No. 36 at 3. *See also id.* at 7 (asserting that "a significant amount of the § 1782 discovery [Mr. Martinez] seeks can only be used in the RICO Action because it is both factually irrelevant to the St. Kitts and Nevis Proceedings and concerns jurisdictions outside of its purview."). But given that the then-impending U.S. civil RICO action was the impetus for the foreign defamation proceedings and the inevitable overlap in subject area between the defamation proceedings and the RICO action, the Caribbean Galaxy Parties' position is indefensible. In essence, they are asserting that discovery that would show the truth of claims made in the civil RICO action is relevant to the RICO action, but not to the defamation action they brought because Mr. Martinez threatened to bring the RICO action. There is no basis in fact or logic for their position. Applicants have previously addressed this issue and will not belabor it here. ECF No. 24 at 3–8; ECF No. 11 at 8–9. Moreover, it is disingenuous for the Caribbean Galaxy Parties to insist bank records sought here are irrelevant to the Foreign Defamation Proceedings when they know that Mr. Martinez filed a Witness Statement in those proceedings on August 30 in which he relied on Bank of America records produced in the Florida § 1782 Proceeding in his defense of the defamation claim.

In their Supplemental Memorandum, the Caribbean Galaxy Parties make much of interviews Mr. Martinez gave on August 1 and August 21 to a St. Lucia television station regarding possible expansion of the U.S. civil RICO suit to include additional defendants related to the St. Lucia CBI Program. ECF No. 36 at 4–6. They then conclude that because St. Lucia is not relevant to the Foreign Defamation Proceedings, *id.* at 8, that the § 1782 discovery must be for use only in

5

the U.S. civil RICO action. What the Caribbean Galaxy Parties ignore, however, is that the subpoenas seek banking information only as to parties who are directly relevant to the St. Kitts and Nevis defamation proceedings. The Relevant Parties (Leslie Khan, Caribbean Galaxy Real Estate Corporation, Galaxy Group, Ying Jin, Timothy Harris, CS Global Partners Limited, Gurdip Dev Bath, Carib Trust Limited, Faron Lawrence, and Denzil Douglas) are all key players in the St. Kitts and Nevis CBI Program, and the Caribbean Galaxy Parties do not contend otherwise. *See* ECF 11-1, at 17-19 (Attachment A) (identifying role of Relevant Persons).

## II.     The *Intel* Factors Weigh in Favor of Discovery

### A.     The Third *Intel* Factor Weighs in Favor of Discovery

Repackaging their "for use" argument, the Caribbean Galaxy Parties, citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004), allege that Applicants are "circumvent[ing] foreign proof-gathering restrictions or other policies of . . . the United States" by "attempting to circumvent the Federal Rules of Civil Procedure" by "open[ing] the doors to discovery in the RICO Action without first allowing the RICO Action defendants to test the sufficiency of the allegations in the complaint and prior to all defendants being served." ECF No. 36 at 9. Applicants are doing no such thing. Applicants seek discovery to defend against Foreign Defamation Proceedings *initiated by* Caribbean Galaxy/Ying Jin and Harris. In support of their argument, the Caribbean Galaxy Parties make inapposite reference to the proscriptions against pre-action discovery in *In re Postalis*, 2018 WL 6725406 (S.D.N.Y. Dec. 20, 2018), but neglect to mention that the applicants in that case initiated the foreign legal proceedings underpinning their § 1782 application. ECF No. 36 at 9. Here, by contrast, Applicants did not initiate the Foreign Defamation Proceedings. They are defendants.

The fact that discovery sought in a § 1782 proceeding could later be used in a U.S. proceeding is not a ground for denying the § 1782 application. The Second Circuit has found "nothing in the language of Section 1782 that purports to limit later uses of evidence that have been properly obtained under Section 1782." *In re Accent Delight Int'l Ltd.,* 869 F.3d 121, 134–35 (2d Cir. 2017) (internal citations and punctuation omitted) (holding that § 1782 does not preclude, as a matter of law, the use of evidence procured pursuant to it in subsequent United States civil litigation).

### B.     The Fourth *Intel* Factor Weighs in Favor of Discovery.

The Caribbean Galaxy Parties reiterate their argument that the requested discovery is a "fishing expedition" and "overbroad." ECF No. 36 at 9–10. Applicants have explained with clarity and specificity how they have tailored the subpoenas to capture transactions relevant to the St. Kitts and Nevis defamation proceedings. As described in detail in the Application, the information sought from the two banks is highly relevant to the foreign defamation proceedings and is appropriately limited in time and scope to that which is necessary to Applicants' defense. ECF No. 11 at 2–6, 15–16.

Regarding nearly identical subpoenas, the Southern District of Florida confirmed that the discovery request is both relevant and appropriately limited in scope. Florida § 1782 Action, ECF No. 42 at 7–8 ("Financial transactions among the alleged conspirators . . . are relevant to show the existence of a conspiracy as asserted in the allegedly-defamatory letter. . . . The time period is appropriate to try to show the truthfulness of the allegation that a conspiracy existed."). The Southern District of Florida found that the proposed subpoena was overbroad only to the extent that it encompassed documents related to financial transactions between the Relevant Parties and third parties and modified paragraphs 1 and 2 accordingly. *Id.* at 8.

7

**III.     Intervenors' Alternative Motion for a Protective Order Should Be Denied.**

In the alternative, the Caribbean Galaxy Parties move for a protective order, presumably pursuant to Federal Rule of Civil Procedure 26(c). As an initial matter, a concluding paragraph in a supplemental memorandum (functionally, a sur-reply) is not an appropriate vehicle for moving for a protective order. In any event, a protective order is not warranted here. The Second Circuit has found "nothing in the language of Section 1782 that purports to limit later uses of evidence that have been properly obtained under Section 1782." *In re Accent Delight Int'l Ltd.,* 869 F.3d 121, 134–35 (2d Cir. 2017) (internal citations and punctuation omitted). Moreover, the Caribbean Galaxy Parties have not demonstrated "good cause" to warrant a protective order in this matter. Indeed, the Caribbean Galaxy Parties only vaguely assert that Applicant Martinez's statements "call into serious question" whether the requested discovery is "for use" in the Foreign Defamation Proceedings and whether the evidence could be used for "extra-statutory" purposes. ECF No. 36 at 10. These vague assertions do not support the entry of a protective order where § 1782 does not, as a matter of law, preclude subsequent use of lawfully obtained discovery. Therefore, Intervenors have not established good cause required under Federal Rule of Civil Procedure 26(c).

## CONCLUSION

Based on the foregoing, as well as the Application (ECF No. 11), Applicants' response to the Caribbean Galaxy Parties' opposition (ECF No. 24), and for the reasons stated in the Florida § 1782 Action, the Application should be granted because the § 1782 statutory factors are satisfied, and the discretionary *Intel* factors all weigh in favor of permitting discovery. The Caribbean Galaxy Parties' alternative motion for a protective order also should be denied.

Respectfully submitted,

**MILLER & CHEVALIER CHARTERED**

*/s/* Sandeep Prasanna
Sandeep Prasanna (Bar No. 5463799)
Calvin Lee (Bar No. 5621677)
Laura G. Ferguson (admitted *pro hac vice*)
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5856
Facsimile: (202) 626-5801
Email: sprasanna@milchev.com
Email: clee@milchev.com
Email: lferguson@milchev.com

*Attorney for the Applicants, Philippe Martinez and MSR Media SKN Limited*

Dated: September 12, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2024, a true and correct copy of the foregoing document was filed via CM/ECF and thereby served on the following counsel of record:

Samuel Williamson
Quinn Emanuel Urquhart & Sullivan
51 Madison Ave.
22nd Floor
New York, NY 10010
212-849-7455
Email: samwilliamson@quinnemanuel.com

*Counsel for Ying Jin, Caribbean Galaxy Real Estate Corporation, and the Galaxy Group*


Eric R. Breslin
Duane Morris LLP
200 Campus Drive
Suite 300
Florham Park, NJ 07932
973-424-2000
Fax: 973-424-2001
Email: ERBreslin@duanemorris.com

Melissa S. Geller
Duane Morris LLP
1540 Broadway
New York, NY 10036
212-692-1077
Fax: 973-556-1562
Email: MSGeller@duanemorris.com

*Counsel for Timothy Harris*


                                    /s/ Sandeep Prasanna
                                    Sandeep Prasanna