**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re Application of                              :
                                                  :
PHILIPPE MARTINEZ,                                :    Case No. 24-mc-306-RA-SN
MSR MEDIA SKN LTD.,                               :
                                                  :
Applicants, for an Order Pursuant to              :
28 U.S.C. § 1782 to Conduct Discovery             :
for Use in a Foreign Proceeding.                  :

**APPLICANTS' OPPOSITION TO**
**THE CARIBBEAN GALAXY PARTIES OBJECTION TO THE**
<u>**NOVEMBER 1, 2024, REPORT AND RECOMMENDATION**</u>

**MILLER & CHEVALIER CHARTERED**

Sandeep Prasanna (Bar No. 5463799)
Laura G. Ferguson (admitted *pro hac vice*)
900 16th Street, NW
Washington, D.C. 20006
Telephone: (202) 626-5981
Facsimile: (202) 626-5801
Email: sprasanna@milchev.com

Dated: November 27, 2024

*Attorneys for Applicants, Philippe Martinez and MSR Media SKN Limited*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND...................................................................... 2

    The Foreign Defamation Proceedings ................................................................................. 2

    MSR's Section 1782 Application ......................................................................................... 4

STANDARD OF REVEW ......................................................................................................... 5

ARGUMENT .............................................................................................................................. 6

    I.   Applicants Satisfy the "For Use" Statutory Requirement................................................... 6

        A.   The Bank Records Have Clear Utility in the Foreign Defamation Proceedings.
            ............................................................................................................................... 7

        B.   The Caribbean Galaxy Parties Confuse the "For Use" Statutory Requirement
            with the Third *Intel* Factor.................................................................................... 9

        C.   Dual Use of Discovery Does Not Undermine Its Statutory Utility. .......................... 11

        D.   Mischaracterizations of Martinez's Statements Are Irrelevant to the Statutory
            Inquiry................................................................................................................... 12

    II.  Judge Netburn Properly Interpreted and Weighed the Discretionary *Intel* Factors.......... 14

        A.   None of the Respondent Banks Is a Party to Either of the Foreign Defamation
            Proceedings............................................................................................................ 14

        B.   Judge Netburn Properly Determined that the Second *Intel* Factor Weighed in
            Favor of Granting the Application Since Neither Party Claimed the St. Kitts
            and Nevis High Court of Justice Would be Hostile to the Evidence Sought. .......... 16

        C.   Applicants Are Not Attempting to Circumvent Foreign Proof-Gathering
            Restrictions. .......................................................................................................... 18

        D.   Judge Netburn Appropriately Concluded That the Limited Discovery Was Not
            Unduly Burdensome or Disproportionate to the Interests at Stake. ......................... 22

        E.   Judge Netburn Did Not Abuse Her Discretion in Denying Protective Order
            Relief.................................................................................................................... 24

CONCLUSION.......................................................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

**Cases**  **Page(s)**

*In re Accent Delight Int'l Ltd.*,
    791 F. App'x 247 (2d Cir. 2019) ...........................................................................................19

*In re Accent Delight Int'l Ltd.*,
    869 F.3d 121 (2d Cir. 2017) ...............................................................................10, 12, 13

*In re Accent Delight Int'l Ltd.*,
    No. 16-mc-125, 2016 WL 5818597 (S.D.N.Y. Oct. 5, 2016)....................................................8

*Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*,
    785 F. Supp. 2d 434 (S.D.N.Y. 2011)....................................................................................13

*Application of Royal Bank of Canada*, 33 F.R.D. 296 (S.D.N.Y. 1963) ......................................20

*In re Asia Mar. Pac. Ltd.*,
    253 F. Supp. 3d 701 (S.D.N.Y. 2015)................................................................................8, 22

*Associacão dos Profissionais Dos Correios v. Bank of N.Y. Mellon Corp.*,
    2022 WL 4955312 (S.D.N.Y. Oct. 4, 2022) ........................................................5, 13, 14, 23

*Athene Holding Ltd. v. Dang*,
    No. 23-mc-171, 2023 WL 5348950 (S.D.N.Y. Aug. 21, 2023) .............................................22

*Azima v. Handjani*,
    No. 21-mc-501, 2022 WL 2788400 (S.D.N.Y. July 15, 2022)...............................................20

*BANOKA, S.a.r.l. v. Alvarez & Marsal Inc.*,
    No. 22-mc-182, 2024 WL 1242994 (S.D.N.Y. March 22, 2024)..............................................5

*In re Batbold*,
    No. 21-mc-218, 2023 WL 2088524 (S.D.N.Y. Feb. 17, 2023) ........................................12, 21

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
    673 F.3d 76 (2d Cir. 2012)...................................................................................................11

*In re Caterpillar Credito, Sociedad Anonima de Cap. Variable, Sociedad*
    *Financiera de Objeto Multiple, Entidad Regulada*,
    No. 22-mc-273, 2023 WL 6938264 (S.D.N.Y. Oct. 20, 2023)....................................8, 15, 19

*Correios v. Bank of N.Y. Mellon Corp.*,
    No. 22-2865, 2023 WL 3166357 (2d Cir. Mar. 28, 2023).........................................................5

i

*In re Crédito*,
    No. 22-mc-00273, 2023 WL 5016497 (S.D.N.Y. May 24, 2023) ....................................19, 22

*In re DNG FZE*,
    No. 23-mc-00435, 2024 WL 124694 (S.D.N.Y. Jan. 11, 2024) ..................................7, 18, 19

*In re Esses*,
    101 F.3d 873 (2d Cir. 1996) ....................................................................................................16

*Euromepa S.A. v. R. Esmerian, Inc.*,
    51 F.3d 1095 (2d Cir. 1995) ...........................................................................................11, 16

*In re Furstenberg Fin. SAS*,
    No. 18-mc-44, 2018 WL 3392882 (S.D.N.Y. July 12, 2018) .................................................15

*Glock v. Glock*,
    797 F.3d 1002 (11th Cir. 2015) .............................................................................................24

*In re Hellard*,
    No. 21-mc-00864, 2022 WL 2819408 (S.D.N.Y. July 19, 2022) ...........................................23

*In re Hulley Enters.*,
    400 F. Supp. 3d 62 (S.D.N.Y. 2019) .......................................................................................5

*In re Associacão dos Profissionais dos Correios*, No. 22-mc-132, 2024 WL
    4299019 (S.D.N.Y. Sept. 25, 2024) .......................................................................................21

*In re Ativos Especiais II - Fundo de Investimento em Direitos Creditorios - NP*,
    No. 24-mc-119, 2024 WL 4169550 (S.D.N.Y. Sept. 12, 2024) .......................................10, 17

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) ...................................................................................................... *passim*

*In re Iraq Telecom Ltd.*,
    No. 18-mc-458, 2019 WL 3798059 (S.D.N.Y. Aug 13, 2019) .....................................8, 15, 17

*Jiangsu S.S. Co. v. Success Superior Ltd.*,
    No. 14-CIV-99997, 2015 WL 3439220 (S.D.N.Y. Feb. 5, 2015) .............................7, 8, 9, 10

*Kiobel v. Cravath Swaine & Moore LLP*,
    895 F.3d 238 (2d Cir. 2018) .....................................................................................................4

*In re Lake Holding & Fin. S.A.*,
    No. 20-mc-652, 2021 WL 2581427 (S.D.N.Y. June 23, 2021) .........................................15, 24

*Lopes v. Lopes*,
    180 F. App'x 874 (11th Cir. 2006) ........................................................................15

*Mees v. Buiter*,
    793 F.3d 291 (2d Cir. 2015).......................................................................... *passim*

*MSR Media SKN Ltd. v. Khan*,
    No. 8:24-cv-01248 (M.D. Fla.) (filed May 23, 2024)...............................................4

*In re Niedbalski*,
    No. 21-mc-747, 2023 WL 4399003 (S.D.N.Y. July 7, 2023)....................................6

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340 (1978)..............................................................................................8, 10

*In re Order Seeking Discovery*,
    No. 24-mc-152, 2024 WL 2883293 (S.D.N.Y. May 16, 2024) ..............................19

*Patterson v. Balsamico*,
    440 F.3d 104 (2d Cir. 2006)...................................................................................22

*In re Postalis*,
    No. 18-mc-497, 2018 WL 6725406 (S.D.N.Y. Dec. 20, 2018) ...................... *passim*

*In re Refinería de Cartagena S.A.S.*,
    No. 23-mc-455, 2024 WL 95056 (S.D.N.Y. Jan. 8, 2024) .......................................7

*In re Republic of Kazakhstan*,
    No. 23-mc-283, 2023 WL 8373070 (S.D.N.Y. Dec. 4, 2023)..................................23

*Sampedro v. Silver Point Cap.*,
    L.P., 958 F.3d 140 (2d Cir. 2020) ...........................................................................6

*In re Saul Klein*,
    No. 23-mc-211, 2023 WL 8827847 (S.D.N.Y. Dec. 21, 2023).................................4

*In re SBK Art LLC*,
    No. 24-mc-0147, 2024 WL 4264893 (S.D.N.Y. July 30, 2024)..............................16

*In re Yilport Holdings A.S.*,
    No. 22-3028-ES-AME, 2023 WL 2140111 (D.N.J. Feb. 21, 2023).......................12

**Statutes**

28 U.S.C. § 1782.................................................................................................13, 14

Petitioners Philippe Martinez and MSR Media SKN Ltd. (collectively, "Applicants" or "MSR") respectfully submit this memorandum of law in opposition to the objections filed by Caribbean Galaxy Real Estate Corporation ("Caribbean Galaxy"), Galaxy Group, and Ying Jin (collectively, "Intervenors" or the "Caribbean Galaxy Parties") to Magistrate Judge Netburn's November 1, 2024 Report and Recommendation, ECF No. 39, which recommended that this Court grant Petitioners application for Section 1782 discovery, and in support of an affirmance by this Court of the Report and Recommendation.

## PRELIMINARY STATEMENT

This case arises from MSR's efforts to seek limited discovery from two New York banks to defend against defamation claims brought by Caribbean Galaxy and Ms. Jin in St. Kitts and Nevis. Galaxy Group is the parent company of Caribbean Galaxy. ECF No. 22 at 1 n.1. In those proceedings, the Caribbean Galaxy Parties allege Applicants defamed them by accusing them of fraud, corruption, and illegal underselling tied to St. Kitts and Nevis' Citizenship by Investment program. Applicants sought discovery to defend against the defamation claims in St. Kitts and Nevis. Recognizing the clear relevance of the discovery to the foreign defamation proceedings, Judge Netburn properly concluded Applicants' request met the statutory criteria and should be granted.

The Caribbean Galaxy Parties objected to Magistrate Judge ("Judge") Netburn's November 1, 2024, Report and Recommendation granting Applicants' request to conduct discovery under 28 U.S.C. § 1782 in aid of foreign proceedings. ECF No. 43. The objections do not identify any respect in which Judge Netburn misapplied the law, nor do they come close to demonstrating that she was clearly erroneous in concluding that the discovery was "for use" in the

1

foreign proceedings. Moreover, the objections fail to establish that the *Intel* factors, even reviewed independently, could weigh against granting discovery. The objections do not identify any misapplication of *Intel*, nor do they establish that the factual premise for Judge Netburn's *Intel* ruling was clearly erroneous. Accordingly, the objections to the Report and Recommendation must be overruled.

The thrust of the objections is a wholesale rejection of Judge Netburn's findings. But, as Judge Netburn correctly recognized, the law does not preclude discovery merely because it may serve dual purposes. The Caribbean Galaxy Parties' position that the discovery is relevant solely to the U.S. litigation finds no support in the record nor from their own foreign law expert. Having initiated the foreign defamation proceedings themselves, the Caribbean Galaxy Parties cannot now use the fact that there is litigation over the same subject matter to block MSR's discovery in aid of defending against the defamation claims.

## FACTUAL AND PROCEDURAL BACKGROUND

### The Foreign Defamation Proceedings

MSR uncovered substantial evidence of fraud and corruption in St. Kitts and Nevis's Citizenship by Investment ("CBI") program. Specifically, MSR learned that Caribbean Galaxy, under the leadership of then-CEO Ying Jin, corruptly influenced high-ranking St. Kitts and Nevis officials, including former Prime Minister Timothy Harris and the now-former head of the St. Kitts and Nevis CBI Unit, Leslie Khan. In coordination with these officials, Caribbean Galaxy illegally undersold CBI shares far below the regulatory minimum, enabling Caribbean Galaxy to dominate and secure a near-monopoly power over the St. Kitts and Nevis CBI market. This illegal

underselling undermined the integrity of the CBI market and undercut other participant investors, including MSR.

After repeated unsuccessful attempts to engage the St. Kitts and Nevis authorities about the fraudulent CBI scheme, MSR sent a pre-action letter on November 17, 2023, to Timothy Harris, Leslie Khan, and former St. Kitts and Nevis Attorney General, copying Ying Jin and others. ECF No. 10-1 at 16. The letter describes the fraudulent scheme and negative financial impact on MSR's business and investments in the country, urging the St. Kitts and Nevis government investigate the allegations for itself. The letter also references MSR's intention to file a legal action in the United States against Harris, Khan, and others. *Id.*

Rather than addressing the substance of these allegations, the Caribbean Galaxy Parties and Harris filed separate defamation lawsuits in St. Kitts and Nevis—on December 8 and December 29, 2023, respectively—based on statements contained in MSR's pre-action letter. ECF No. 10-1, ¶¶ 21–22; ECF No. 10-2 at 2–11. Collectively, these proceedings are the "Foreign Defamation Proceedings" for which MSR seeks discovery under 28 U.S.C. § 1782.

To defend against the Foreign Defamation Proceedings, Applicants filed a justification defense, requiring them to demonstrate the truth of the allegations made in the November 17, 2023, letter. Central to this defense are records of transactions involving individuals or entities engaged in underselling CBI units or paying bribes. Applicants specifically seek documentary evidence of CBI-related transactions processed through Bank of New York Mellon and Standard Chartered Bank US. Both banks maintain international transaction records that would not necessarily be available to the Caribbean Galaxy Parties themselves, as those parties lack direct control or access to intermediary banking records. Neither bank is a party to the Foreign Defamation Proceedings.

**MSR's Section 1782 Application**

MSR filed the instant application pursuant to 28 U.S.C. § 1782 on July 9, 2024, seeking evidence from Standard Chartered Bank and Bank of New York Mellon in this district to support their defense in the foreign proceedings. Specifically, Applicants seek discovery that would show the alleged defamatory statements about corruption and illegal underselling by the Caribbean Galaxy Parties are in fact true. Kelsick Decl., ECF No. 12, ¶¶ 20–21. By this time, MSR had filed the U.S. civil RICO action previewed in the allegedly defamatory pre-action letter. *MSR Media SKN Ltd. v. Khan*, No. 8:24-cv-01248 (M.D. Fla.) (filed May 23, 2024).

Judge Netburn granted Applicants' Section 1782 request, finding that the application satisfied Section 1782's statutory requirements and that the discretionary factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), weighed in favor of the application. With respect to the four discretionary factors, Judge Netburn found that while the first factor weighed slightly against the petition, the balance of the other factors tipped the scales in favor of discovery. On the first factor, the Court took heed of Second Circuit precedents, among them *Kiobel v. Cravath Swaine & Moore LLP*, 895 F.3d 238 (2d Cir. 2018), holding that documents in the hands of litigation counsel are deemed to be in the constructive possession of the client and hence accessible via the client in the foreign litigation, and *In re Saul Klein*, No. 23-mc-211, 2023 WL 8827847, at *11 (S.D.N.Y. Dec. 21, 2023), suggesting that certain documents in the hands of U.S. banks may be accessible via the account holder in the foreign litigation. ECF No. 39 at 11–12. But weighing this consideration against the other three factors, Judge Netburn concluded that discovery was appropriate, albeit on a narrowed version of the original subpoena requests. Respectful of the burdens alleged by the Caribbean Galaxy Parties, Judge Netburn narrowed the

scope to documents relating to the citizenship by investment program, Caribbean Galaxy Real Estate Corporation, Ying Jin, and Timothy Harris. *Id.* at 16–17.

On November 15, 2024, the Caribbean Galaxy Parties raised six objections to Judge Netburn's Report and Recommendation but do not challenge that the first and third statutory factors were met. ECF No. 43. Applicants now file their response to the Objections.

## STANDARD OF REVIEW

Historically, Second Circuit district courts have treated Section 1782 petitions as non-dispositive and therefore subject to clear error review under Federal Rule of Civil Procedure ("Rule") 72(a), rather than as dispositive motions as to which objections are reviewed de novo under Rule 72(b). *See BANOKA, S.a.r.l. v. Alvarez & Marsal Inc.*, No. 22-mc-182, 2024 WL 1242994, at *4 (S.D.N.Y. March 22, 2024); *In re Hulley Enters.*, 400 F. Supp. 3d 62, 71 (S.D.N.Y. 2019) ("Most lower courts . . . have found that [Section 1782] rulings are *not* dispositive and are therefore subject to review only for clear error"). In 2023, the Second Circuit concluded in a non-precedential summary order that it lacked jurisdiction over a magistrate judge's "nonfinal order" denying a Section 1782 petition and remanded the matter to the district court with instructions that the magistrate judge's order be treated as a report and recommendation. *Associacao dos Profissionais dos Correios v. Bank of N.Y. Mellon Corp.*, No. 22-2865, 2023 WL 3166357, *1 (2d Cir. Mar. 28, 2023). The Caribbean Galaxy Parties wrongly assume that *Associacao* dictates a de novo standard of review here. ECF No. 43 at 5. Although some magistrate judges in this District have interpreted that order as guidance that courts should treat Section 1782 petitions as dispositive motions, the issue remains unsettled, *see* BANOKA, 2024 WL 1242994, at *4, *Associacão* does not address—let alone resolve—whether a district judge should apply a de novo

or clear error standard when reviewing a magistrate judge's report and recommendation granting discovery under Section 1782. Judge Netburn treated the Report and Recommendation as a dispositive motion governed by Rule 72(b). ECF No. 39 at 18. The issue, however, remains unsettled. *In re Niedbalski*, No. 21-mc-747, 2023 WL 4399003, at *1 (S.D.N.Y. July 7, 2023) ("The proper standard of review to be applied to orders granting Section 1782 applications is unsettled in this Circuit."). The Court need not, however, resolve the question of the proper standard of review. Under either standard of review, Petitioners have satisfied the requirements for obtaining discovery.

## ARGUMENT

### I.    Applicants Satisfy the "For Use" Statutory Requirement.

District courts have the authority under 28 U.S.C. § 1782(a) to "order a person who resides or is found in the district to produce discovery in a foreign or international proceeding." *Sampedro v. Silver Point Cap*., L.P., 958 F.3d 140, 143 (2d Cir. 2020); *see* 28 U.S.C. § 1782(a). To obtain an order, the party seeking discovery must establish three statutory prerequisites: (1) the person or entity from whom discovery is sought resides or is found in the district where the application is made; (2) the requested material is "for use" in a foreign proceeding; and (3) the application is made by a foreign or international tribunal or any interested person. *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015).

The Caribbean Galaxy Parties do not object to Judge Netburn's conclusion that the first and third factors are satisfied. Instead, they contend that the second, "for use" requirement has not been met. But the "for use" requirement imposes only a modest burden on the applicant to demonstrate that the requested discovery is "something that will be employed with some advantage

or serve some use in the proceeding—not necessarily something without which the applicant could not prevail." *Mees*, 793 F.3d at 298; *In re DNG FZE*, No. 23-mc-00435, 2024 WL 124694, at *3 (S.D.N.Y. Jan. 11, 2024) ("[T]he burden to identify 'some procedural mechanism' through which the applicant would use the requested discovery in connection with the foreign action is modest"); *see also In re Refinería de Cartagena S.A.S.*, No. 23-mc-455, 2024 WL 95056, at *7 (S.D.N.Y. Jan. 8, 2024) (characterizing burden imposed on the applicant as to the "for use" requirement is "*de minimis*").

### A.    The Bank Records Have Clear Utility in the Foreign Defamation Proceedings.

This burden is easily satisfied where, as here, the discovery sought is directly tied to the claims and defenses in the foreign litigation. The bank records are central to the Foreign Defamation Proceedings, as they will either support or refute the corruption allegations central to the defamation allegations. Thus, the bank records "will be employed with some advantage or serve some use" in the Foreign Defamation Proceedings. *See Mees*, 793 F.3d at 298–99.

Where courts have denied discovery on the "for use" prong, they have done so because the applicant made "no showing" that the evidence was "for use" in the foreign proceeding or because applicants sought discovery to determine if it should pursue separate litigation against the targets of the Section 1782 application. *See, e.g.*, *In re Postalis*, No. 18-mc-497, 2018 WL 6725406, at *4 (S.D.N.Y. Dec. 20, 2018). The instant matter is not a case where the discovery sought is "for anticipated use in nonexistent, purely hypothetical proceedings." *Compare Jiangsu S.S. Co. v. Success Superior Ltd.*, No. 14-CIV-99997, 2015 WL 3439220, at *1, *5 (S.D.N.Y. Feb. 5, 2015) (denying as "premature" discovery requested under Section 1782 to aid in the enforcement of a not-yet-decided arbitration award, where there were "real" concerns that Section 1782 was "being

invoked as a subterfuge, to mask some extra-statutory purpose" and possibly to "troll[] for assets in U.S. institutions" before whether deciding whether to initiate arbitration in the first place), *with In re Accent Delight Int'l Ltd.* ("*Accent Delight I*"), No. 16-mc-125, 2016 WL 5818597, at *3 (S.D.N.Y. Oct. 5, 2016) (where foreign litigation is "well underway," *Jiangsu* is "wholly inapposite precedent"), *and In re Caterpillar Credito, Sociedad Anonima de Cap. Variable, Sociedad Financiera de Objeto Multiple, Entidad Regulada* ("*Caterpillar II"*), No. 22-mc-273, 2023 WL 6938264, at *2 (S.D.N.Y. Oct. 20, 2023) (citation omitted).

In contrast to *Jiangsu* and *Oppenheimer*, the St. Kitts and Nevis defamation lawsuits are "real, ongoing proceeding[s]." *Caterpillar II*, 2023 WL 6938264, at *2; *compare In re Iraq Telecom Ltd.*, No. 18-mc-458, 2019 WL 3798059, at *3 (S.D.N.Y. Aug 13, 2019) (granting discovery where Section 1792 applicant had already started foreign proceedings), *and Accent Delight I*, 2016 WL 5818597, at *3 (granting discovery where foreign litigation is lawsuit in Singapore on appeal from denial of a motion to dismiss), *with Jiangsu*, 2015 WL 3439220, at *7 (finding proceeding speculative where applicant failed to identify a country or tribunal where it intended to file a claim). The cases cited by the Caribbean Galaxy Parties are distinguishable because in those cases, the district court found that the proceedings themselves were speculative, *and In re Asia Mar. Pac. Ltd.*, 253 F. Supp. 3d 701, 707–08 (S.D.N.Y. 2015) (finding proceeding speculative where applicant was searching for any of defendants' assets for which it could bring an attachment proceeding).

In *Postalis*, the Section 1782 applicant sought discovery from BNY Mellon—the target of the Section 1782 proceeding—to see if it could sue or plead a new action against BNY Mellon. *Postalis*, 2018 WL 6725406, at *3. Although there was a purported foreign proceeding in *Postalis*,

8

there were no allegations in the foreign proceeding that the target of the Section 1782 application played any role in the alleged fraud. *See id.* at *2. Nor was any of the discovery sought tangentially related to the foreign proceeding—in other words, it clearly was for the prospective lawsuit because there was absolutely no use for it in the foreign proceeding. *Id.* at *2, 6. *Postalis* would be on point if MSR was seeking discovery from Bank of New York Mellon or Standard Chartered Bank so MSR could sue them. In contrast to *Postalis*, where the applicant's "objective [was] to try to find evidence that BNY Mellon in the U.S. was aware of alleged irregularities committed by the Brazilian branch," MSR's objective has never been to rope in U.S. financial institutions. *Id.* at *3. Instead, MSR's objective is to use the New York bank records to prove the Caribbean Galaxy entities were using them as a conduit for their corrupt scheme thereby allowing MSR to prove its defense in the foreign defamation action. And at no point has Martinez stated anything like the *Postalis* applicants, who did not deny they publicly stated they sought to bring a lawsuit against BNY Mellon itself and "[i]t doesn't help us to go into this [lawsuit] blind." *See id.* at *3; *see* ECF No. 43 (summarizing Martinez's public statements—none of which express an intent or desire to sue BNY Mellon or Standard Chartered Bank).

The Caribbean Galaxy Parties argue Judge Netburn "inappropriately narrowed" *Postalis* and *Jiangsu* to a future lawsuit, not an already pending lawsuit. ECF No. 43 at 17. There was no inappropriate narrowing. Those cases held that Section 1782 discovery is not warranted where the discovery is not actually for use in the foreign proceeding. Here, there is no question that the bank records are directly relevant to the foreign proceedings.

**B.    The Caribbean Galaxy Parties Confuse the "For Use" Statutory Requirement with the Third *Intel* Factor.**

The Caribbean Galaxy Parties mischaracterize the "for use" requirement under Section 1782 by focusing exclusively on Applicants' potential use of discovery in the civil RICO action, while neglecting the relevance of the discovery to the ongoing defamation proceedings in St. Kitts and Nevis. ECF No. 43 at 6, 9–14. Notably, the Caribbean Galaxy Parties fail to meaningfully engage with how the requested materials directly relate to the St. Kitts and Nevis defamation action, where claims of truth or falsity remain at issue. In doing so, they cite *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), a wholly inapposite class action discovery dispute where plaintiff requested information not to clarify or resolve issues in the case but to meet administrative obligations for sending class notice. 437 U.S. at 352–54.

They also cite three Section 1782 cases: *Jiangsu*, *Postalis*, and *Accent Delight*. In each of those cases, however, the "for use" analysis focuses on whether and how the applicant will use the sought-after discovery in the *foreign* proceeding. Any inquiry into how the applicant might use the sought discovery in other proceedings is relevant to the *Intel* inquiry, not to whether the information is "for use" as a matter of law. *See In re Ativos Especiais II - Fundo de Investimento em Direitos Creditorios - NP*, No. 24-mc-119, 2024 WL 4169550, *7 (S.D.N.Y. Sept. 12, 2024) ("Applicants' letter casts doubt on whether Applicants in fact seek the information with the intent to use it in the [foreign proceeding], as opposed to for some other reason. However, that doubt is relevant to the discretionary analysis, not to whether the information is 'for use' as a matter of law."); *In re Accent Delight Int'l Ltd.* ("*Accent Delight II*"), 869 F.3d 121, 134 (2d Cir. 2017) (concluding nothing in the Section 1782 text limits later uses of evidence properly obtained under it and "declin[ing] to read into Section 1782 categorical restrictions that lack textual support when district courts in their *discretionary* review adequately can address the concerns raised"); *id.*

(finding "no on-point cases" that materials produced for use in Monaco cannot be used elsewhere). Judge Netburn appropriately determined "[a]s long as an applicant satisfies its burden of showing that the requested discovery is 'for use' in a foreign proceeding, nothing in the *statute* requires that be its only use." ECF No. 39 at 8 (emphasis added).

This distinction is critical. If the statutory requirements are met, the district court has discretion to grant the application. *See Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 83 (2d Cir. 2012) (explaining statutory factors are mandatory whereas discretionary factors are not). This reflects Congress's intent to establish clear, threshold criteria that determine eligibility for judicial assistance. Courts in this Circuit, and even the Supreme Court, have rejected any attempts to impose additional, threshold requirements on Section 1782 applicants. *See, e.g.*, *Intel*, 542 U.S. at 260 ("If Congress had intended to impose such a sweeping restriction on the district court's discretion, at a time when it was enacting liberalizing amendments to the statute, it would have included statutory language to that effect."); *id.* at 262 (reading extra-statutory requirements "thwarts § 1782's objective to assist foreign tribunals in obtaining relevant information that the tribunals may find useful"); *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1098 (2d Cir. 1995) (rejecting extra-statutory requirements not in the plain language of Section 1782). If the statutory "for use" inquiry is diluted with discretionary considerations—such as speculative concerns about other proceedings—it shifts the focus from whether the application is eligible under the law to whether the court prefers to grant it. *See Intel*, 542 U.S. at 260.

## C.    Dual Use of Discovery Does Not Undermine Its Statutory Utility.

The Caribbean Galaxy entities wrongly assume the evidence could "only be useful to Petitioners in the U.S. RICO proceeding," comparing the situation to *Postalis.* But in *Postalis*, the

court found no conceivable use for discovery related to "the conduct and knowledge of BNY Mellon" in a foreign proceeding in which there were "no allegations that BNY Mellon played any role in the alleged fraud." *Id.* at *2, 4. Further, *Postalis* distinguished *Accent Delight* as involving a situation where "the discovery application was being made to assist the applicant *in filing a lawsuit against the discovery target* in the United States." *Id.* at *5. Again, if MSR was seeking discovery to assist it in filing a lawsuit against BNY Mellon or Standard Chartered Bank, *Postalis* would be on point.

The Caribbean Galaxy Parties also cite *In re Yilport Holdings A.S.*, No. 22-3028-ES-AME, 2023 WL 2140111, at *6 (D.N.J. Feb. 21, 2023), to try to convince this Court that courts have concluded the "for use" factor is not met when there is a hybrid purpose. Neither case supports a rule. In *Yilport Holdings* the district court did not buy the Section 1782 applicant's statement that the discovery sought would serve a dual purpose. Given the applicant's description of the foreign proceeding, the district court found it lacking as to any information establishing that any of the evidence the applicant sought could actually be used in the foreign proceeding pending. *Id.* at *6 (finding "the absence of any demonstration of how the information will be used in the foreign proceeding falls short of meeting Section 1782's basic requirements").

> **D.    Mischaracterizations of Martinez's Statements Are Irrelevant to the Statutory Inquiry.**

The Caribbean Galaxy Parties attempt to discredit the application by focusing on Martinez's public statements. Courts in this district, however, have consistently held that public comments about potential future litigation do not undermine the statutory basis for Section 1782 applications. Indeed, "the fact that discovery sought in a Section 1782 application may also be used in a future litigation does not necessarily require a court to deny the application." *In re*

*Batbold*, No. 21-mc-218, 2023 WL 2088524, at *8 (S.D.N.Y. Feb. 17, 2023) (as of the date of magistrate judge's order, Section 1782 applicant had already initiated "future" litigation). *Accent Delight II*, 869 F.3d at 124 (noting that Section 1782 does not forbid a discovery applicant from using lawfully obtained evidence in subsequent foreign proceedings); *Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*, 785 F. Supp. 2d 434, 439 (S.D.N.Y. 2011) (finding that "the fact that [the applicant] may also be able to use the discovery in future litigation against the respondents is immaterial" to decision to grant application). While Martinez's statements acknowledge the broader context of litigation targeting political corruption, the relevance of the requested bank records to the ongoing defamation proceedings in St. Kitts and Nevis is indisputable.

The cases cited by the Caribbean Galaxy Parties to suggest the application is a fishing expedition are readily distinguishable. In all of these cases, the applicant has expressed an intent to sue the *same* party from whom the Section 1782 information is sought. In other words, these are cases where the gist of the Section 1782 request would, if granted in full, help the applicant formulate a lawsuit against the subjects of the Section 1782 request rather than assist the applicant in the foreign proceeding. *Associacão dos Profissionais Dos Correios v. Bank of N.Y. Mellon Corp. ("Associacão I")*, 2022 WL 4955312, at *4–6 (S.D.N.Y. Oct. 4, 2022) (finding discovery sought was not "for use" in foreign litigation where (1) applicant made public statements it intended to sue the subject of the Section 1782 application, successfully set up a fundraiser to sue subject of the Section 1782 application and has continued to hold on to those funds, and stated during oral argument it was not prepared to release subject of Section 1782 application from claims in the United States; (2) applicant sought a "vast amount of information" much more relevant to a

13

hypothetical lawsuit against subject of Section 1782 as compared to foreign suit); *id.* at *6 (questioning broad discovery request as truly for use in foreign litigation as opposed to the United States).

The Caribbean Galaxy parties attempt to cast further doubt on the merits of the petition by suggesting Applicants are engaging in frivolous and abusive litigation against them in the United States. There can be no debate that Applicants' actions have exposed serious and widespread corruption. That Applicants filed a civil lawsuit in an effort to put a stop to this corruption should come as no surprise.

## II.    Judge Netburn Properly Interpreted and Weighed the Discretionary *Intel* Factors.

### A.    None of the Respondent Banks Is a Party to Either of the Foreign Defamation Proceedings.

The first *Intel* factor asks whether the person or entity from whom discovery is sought is a participant in the foreign proceeding. If that entity is a nonparty, the need for Section 1782 aid is greater because nonparticipants in foreign proceedings may be beyond the jurisdictional reach of the foreign tribunal. *Intel*, 542 U.S. at 264. The question is whether the party from whom discovery is sought is a "participant" in the foreign proceedings such that the discovery would be within the foreign tribunal's jurisdictional reach. *Id*.

Citing *Intel*, the Caribbean Galaxy Parties argue that the first *Intel* factor should weigh against the application "because the discovery Petitioners are effectively seeking discovery from parties to the St. Kitts and Nevis Proceedings—therefore, through that proceeding, Petitioners have appropriate mechanisms to obtain the requested discovery." ECF No. 43 at 6. *Intel* is inapposite: in the foreign proceeding, Advanced Microdevices filed an antitrust complaint against Intel. In the

§ 1782 action, Advanced Microdevices—the complainant in the foreign proceeding—sought discovery against Intel itself—not a subsidiary, quite literally the same party scrutinized in the foreign proceeding. *Intel*, 542 U.S. at 246. Here, the correspondent banks are not parties to the Foreign Defamation Proceedings. As such, the Court should turn its attention to a more analogous line of cases—for example, cases in which the applicants are parties in a foreign proceeding attempting to get bank records of another party in that foreign proceeding. *See, e.g.*, *Iraq Telecom*, 2019 WL 3798059, at *4.

There is substantial precedent in this District and elsewhere authorizing the production of records from banks where the account holder is in fact a party to the foreign proceeding. *See, e.g.*, *Caterpillar II*, 2023 WL 6938264, at *3; *see also In re Lake Holding & Fin. S.A.*, No. 20-mc-652, 2021 WL 2581427, at *17, 20 (S.D.N.Y. June 23, 2021) (finding first *Intel* factor favors granting the discovery request where applicant sought transfer records from U.S. intermediary banks for use in ongoing foreign proceedings); *Lopes v. Lopes*, 180 F. App'x 874, 877 (11th Cir. 2006) (holding the banks from whom information was sought, rather than the husband, were the "person[s] from whom discovery [was] sought" for purposes of Section 1782). "Although the foreign tribunals may have jurisdiction to compel the [opposing party] to produce documents, those individuals 'may not have the same records—or quality of records—as the Banks, all of which almost certainly keep account records.'" *Iraq Telecom*, 2019 WL 3798059, at *4 (quoting *In re Furstenberg Fin. SAS*, No. 18-mc-44, 2018 WL 3392882, at *6 (S.D.N.Y. July 12, 2018)). This is especially true here, as in *Furstenberg* and *Iraq Telecom*, where the opposing parties in the foreign lawsuits are alleged to have engaged in fraud. *See Iraq Telecom*, 2019 WL 3798059, at *4; *Furstenberg*, 2018 WL 3392882, at *6 (noting that opposing party in foreign litigation accused of

self-dealing "may not be entirely forthcoming" in his records). In all of these cases, the first *Intel* factor weighed in favor of granting the discovery application.

Thus, the Judge Netburn properly determined that first *Intel* factor weighs in favor of granting the application.

> **B.    Judge Netburn Properly Determined that the Second *Intel* Factor Weighed in Favor of Granting the Application Since Neither Party Claimed the St. Kitts and Nevis High Court of Justice Would be Hostile to the Evidence Sought.**

The second *Intel* factor permits district courts to consider "the nature of the foreign tribunal, the character of the proceeding underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. Courts "should deny discovery on the basis of a lack of receptiveness only where it is provided with 'authoritative proof that the foreign tribunal would reject evidence obtained with the aid of Section 1782.'" *See In re SBK Art LLC*, No. 24-mc-0147, 2024 WL 4264893, at *14 (S.D.N.Y. July 30, 2024) (concluding second *Intel* factor supported granting application where use of Section 1782 to obtain discovery is neither prohibited nor discouraged in applicable foreign jurisdiction).

The Caribbean Galaxy Parties have not argued, much less provided "authoritative proof," that the bank records would be rejected by the High Court of Justice in St. Kitts and Nevis. *See, e.g.*, *Mees*, 793 F.3d at 303 n.20; *see In re Esses*, 101 F.3d 873, 877 (2d Cir. 1996) (affirming order granting Section 1782 application where [Linda] "[did] not present[] us or the district court with any pronouncement from the Hong Kong in this cause that would lead us to question whether the district court's discovery order trenches upon foreign law or is otherwise interfering with the Hong Kong proceedings"); *Euromepa*, 51 F.3d at 1101 ("Since no authoritative declarations by French

judicial, executive or legislative bodies objecting to foreign discovery assistance appear in the record, we are unable to accept the district court's conclusion that granting [applicant]'s discovery request will in fact offend the people of France.").

Citing *Intel*, the Caribbean Galaxy Parties argue "courts in this Circuit have found that where a foreign court is receptive to § 1782 evidence, the second *Intel* factor is neutral." ECF No. 43 at 6. Neither *Intel* nor any case in this Circuit says such a thing. *See, e.g.*, *Ativos*, 2024 WL 4169550, at *12–13 (finding the second *Intel* factor "weighs mildly in favor of Applicants" where they "produce[d] no particular evidence showing the discovery would be welcomed" yet there was "no indication Brazilian courts are generally unreceptive to Section 1782 discovery."); *Iraq Telecom*, 2019 WL 3798059, at *4 (finding "[i]n the absence of specific evidence that the [foreign tribunals] would reject Petitioner's requested discovery, the second factor also weighs in *favor* of granting the application"). Rather, the Supreme Court in *Intel* stated "[a] foreign tribunal's reluctance to order production of materials present in the United States similarly may signal no resistance to the receipt of evidence gathered pursuant to § 1782(a)." *Intel*, 542 U.S. at 261–62.

Here, Applicants provided ample affirmative evidence that the High Court of Justice in St. Kitts and Nevis is receptive to U.S. judicial assistance. *See, e.g.*, Kelsick Decl., ECF No. 12, ¶ 27 (stating the High Court of Justice in St. Kitts and Nevis will be receptive to the evidence sought here and assistance from this Court). Because the record shows St. Kitts and Nevis courts' general receptivity to assistance from U.S. courts—without any evidence to the contrary—Judge Netburn properly concluded that the second *Intel* factor weighs in favor of granting our application.

The Caribbean Galaxy parties do not dispute Judge Netburn's finding that the court had *no* evidence suggesting opposition from the foreign tribunal. ECF No. 43 at 16 (failing to dispute that

"[n]either Caribbean Galaxy Parties nor Intervenor claim that the St. Kitts and Nevis High Court of Justice would be hostile to evidence obtained through the § 1782 discovery process") (quoting R&R at 13). Instead, they argue Judge Netburn should have weighed the second *Intel* factor as "neutral." *Id.*

Although *DNG FZE* weighed the second *Intel* factor as neutral, it only did so after finding the statutory "for use" factor was not met. 2024 WL 124694, at *4. In that case, the Section 1782 applicant sought to take the deposition of an already-arranged key fact witness in a Singapore proceeding, just weeks before the trial was to take place. The district court noted there was no authoritative proof the foreign court would "outright reject" deposition testimony if offered at trial. *Id.* At the same time, however, the applicant "disclaim[ed] any plan to seek to offer a deposition of [said fact witness] into evidence in the foreign proceeding." *Id.* It was clear that the applicant merely sought to enhance its pretrial understanding of its adversary's position. Because the deposition was sought to be used for trial preparation, not for introduction, there would be no opportunity for the foreign court to weigh in on its receptiveness to a deposition "to enhance [the applicant's] pretrial understanding of its adversary's position." *Id.*

## C.    Applicants Are Not Attempting to Circumvent Foreign Proof-Gathering Restrictions.

Judge Netburn did not abuse her discretion when concluding the third *Intel* factor weighed in favor of discovery. The third *Intel* factor seeks to flush out concealed "attempt[s] to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.'" *Intel*, 542 U.S. at 265. To defeat a Section 1782 application on this basis, an objector must first identify the "foreign proof-gathering restrictions" that the applicant is attempting to circumvent;

that is, the foreign rules "that *prohibit* the acquisition or use of certain materials." *In re Crédito* *("Caterpillar I")*, No. 22-mc-00273, 2023 WL 5016497 at *8 (S.D.N.Y. May 24, 2023) (quoting *Mees*, 793 F.3d at 303 n.20); *see also In re Accent Delight Int'l Ltd.* ("*Accent Delight III*"), 791 F. App'x 247, 251 (2d Cir. 2019) (affirming grant of § 1782 application where objector failed to show "that the policy or restrictions of any relevant foreign jurisdiction *prohibit* the discovery sought").

As to this factor, the Caribbean Galaxy Parties argue that the discovery violates proof-gathering restrictions of the United States. ECF No. 43 at 17. Here, they rely on cases where the Section 1782 applicant is the claimant—rather than the defendant—in the foreign proceeding. *In re Order Seeking Discovery*, No. 24-mc-152, 2024 WL 2883293, at *8 (S.D.N.Y. May 16, 2024), *report and recommendation adopted*, 2024 WL 2883091 (S.D.N.Y. June 5, 2024) (finding third *Intel* factor was neutral only after finding "for use" statutory requirement was not met); *DNG FZE*, 2024 WL 124694, at *3 (same); *see also Postalis*, 2018 WL 6725406, at *6 (finding third *Intel* factor weighed against granting application after finding "for use" statutory requirement was not met).

The Caribbean Galaxy Parties submitted declarations from their counsel, which notably omits any statement that a St. Kitts and Nevis court or authority would not be receptive to the documentary evidence Applicants seek. *See generally* Morton Decl., ECF No. 23. But when the only evidence offered is a "conditionally phrased and entirely unsourced opinion" from the objector's attorney that the foreign court would disfavor the disclosure of this type of information, that in itself is insufficient to constitute a concrete "proof-gathering restriction[] or other polic[y]" and "much less provided the necessary 'authoritative proof' of those restrictions. *Caterpillar I*, 2023 WL 5016497, at *8 & n.8; *accord Caterpillar II*, 2023 WL 6938264, at *3; *cf. Mees*, 793

F.3d at 298 n.9 (expressing concern that the third inquiry can become "a battle-by-affidavit of international legal experts").

The Caribbean Galaxy Parties also cite *Application of Royal Bank of Canada*, 33 F.R.D. 296 (S.D.N.Y. 1963), to support the proposition that the Federal Rules of Civil Procedure prohibit discovery prior to a Rule 26 conference. But *Royal Bank of Canada* was a case involving "peculiar and singular circumstances" in which the United States sought to take a deposition before the summons and complaint had been served and thus before the lawsuit commenced. 33 F.R.D. at 301. Even more, the court explained that the government or any civil plaintiff "should not be permitted to use the process of the court prior to the commencement of an action to examine a prospective witness in order that it may be able to decide whether it will be on firm ground in finally bringing the processes of the court into play." *Id.* at 303; *see also id.* ("The Federal Rules of Civil Procedure may not be used as a convenient means of determining whether the *institution* of litigation will be worthwhile." (emphasis added)). Going on, the court explained cases where "service of process upon the defendants had already been made in those cases and the issue there involved the propriety of adjudicating a motion to dismiss for lack of jurisdiction" were "hardly apposite." *Id.* at 303. As the Caribbean Galaxy Parties point out, the parties in the civil RICO action are currently briefing the motion to dismiss, making *Royal Bank of Canada* "hardly apposite." *See id.*; *see also Azima v. Handjani*, No. 21-mc-501, 2022 WL 2788400, at *7 (S.D.N.Y. July 15, 2022) (third *Intel* factor favored granting application where no showing that evidence sought "is within the jurisdictional reach of the [foreign] court, or that [applicant] seeks discovery here in bad faith").

Finally, even where applicants are attempting to use foreign litigation as a ruse for obtaining discovery for use in other foreign proceedings, usually the remedy is entry of a protective order prohibiting use of the discovery in other proceedings—it is a rare day that such conduct would support denying the Section 1782 application altogether. *In re Associacão dos Profissionais dos Correios ("Associacão III")*, No. 22-mc-132, 2024 WL 4299019, at *7 (S.D.N.Y. Sept. 25, 2024) (court has three options in this scenario: issue a protective order, a tailored discovery order, or deny the application altogether; the latter of which is disfavored).

MSR is not attempting to circumvent limitations on discovery in the Foreign Proceedings. Applicants submitted testimony from MSR's legal counsel in the foreign jurisdiction asserting the discovery it seeks would be discoverable in the foreign proceedings and would not be barred under foreign privilege rules. *See* Kelsick Decl., ECF No. 12, ¶ 26 (stating there is no rule of law in St. Kitts and Nevis that would require exclusion of such evidence nor any cases where these types of records were not admitted into evidence). For their part, the Caribbean Galaxy parties have presented no evidence that Martinez seeks to bypass foreign proof-gathering restrictions. The Caribbean Galaxy Parties conclusively argue the discovery sought would be "irrelevant" to the Foreign Defamation Proceedings. The third *Intel* factor, however, "weighs against [a Section 1782] application only if permitting discovery would violate 'the clearly established procedures of a foreign tribunal' in light of 'authoritative proof.'" *Batbold*, 2023 WL 2088524, at *6 (citation omitted).

Accordingly, the third *Intel* factor does not weigh against granting the application. Even if it did, Judge Netburn appropriately concluded the Court is not required to address the Caribbean Galaxy Parties' unpreserved arguments relating to the third *Intel* factor. *Postalis*, 2018 WL

6725406, at *4; *Patterson v. Balsamico*, 440 F.3d 104, 113 n.5 (2d Cir. 2006). Moreover, she properly determined Applicants' request does not run afoul of either the Federal Rules of Civil Procedure or St. Kitts and Nevis law.

**D.     Judge Netburn Appropriately Concluded That the Limited Discovery Was Not Unduly Burdensome or Disproportionate to the Interests at Stake.**

For similar reasons, this Court should reject the Caribbean Galaxy Parties' argument that the fourth *Intel* factor "weighs heavily against the Application because, even as modified, the requested subpoenas are not narrowly tailored to the issues relevant in the St. Kitts and Nevis Proceedings." ECF No. 43 at 2. Even if Judge Netburn was incorrect in concluding that MSR's application is limited to several discrete categories of information and to specific parties, she properly concluded that she had the authority to closely tailor any future discovery order.

The fourth *Intel* factor considers whether the discovery requests are "unduly intrusive or burdensome," *Intel*, 542 U.S. at 265, measured by the standards of Rule 26 of the Federal Rules of Civil Procedure. *Mees*, 793 F.3d at 302. Consequently, the applicant's discovery requests should be tailored to seek information relevant to the parties' claims and defenses and proportional to the needs of the case. *Athene Holding Ltd. v. Dang*, No. 23-mc-171, 2023 WL 5348950, at *3 (S.D.N.Y. Aug. 21, 2023). The proportionality analysis "depends on the relevance of the information sought—and, in the case of a § 1782 petition, relevance is assessed with regard to the foreign proceeding." *Id.* (citation omitted).

As an initial matter, the proposed subpoena cannot be "burdensome" to the Caribbean Galaxy Parties, who are "not being asked to produce anything." *See Asia Mar. Pac.*, 253 F. Supp. 3d at 702 (denying discovery request as overbroad where proposed "subpoenas would direct *sixteen* large banks to conduct broad searches for information"); *see also Caterpillar I* at *9

("[T]he Proposed Subpoena cannot be 'burdensome' to the [Intervenors], who are 'not being asked to produce anything.'"); *In re Republic of Kazakhstan*, No. 23-mc-283, 2023 WL 8373070, at *4 (S.D.N.Y. Dec. 4, 2023) (same); *In re Hellard*, No. 21-mc-00864, 2022 WL 2819408, at *3 (S.D.N.Y. July 19, 2022) (finding Applicants' discovery request seeking information from banks they believe intervenor used as correspondent banks to transact in the United States was not overbroad and burdensome because intervenor was "not being asked to produce anything and thus it will not be burdened by the requests").

The Caribbean Galaxy Parties also have made no showing that the subpoenas, as narrowed, are overbroad and this case is distinguishable from other cases involving overbreadth. For example, in *Associacão I*, 2022 WL 4955312, at *8, the applicant sought documents concerning broad subject matters from 2010 to 2020 when the alleged mismanagement at issue in the foreign lawsuit took place from 2011 to 2015. Moreover, at issue in the foreign lawsuit was potential wrongdoing by three former employees of the fund administrator defendant, each of whom had been terminated by 2015; yet, the requested discovery extended five years beyond those terminations. *Id.* at *2–3, 8. Here, the subpoenas are tailored to the relevant time period.

The Caribbean Galaxy Parties argue "the fact that Petitioners have not identified concrete reasons to believe that Respondents would have relevant evidence is fatal to their request." ECF No. 43 at 2. To the contrary, Applicants have shown a clear connection between the requested bank records and underlying case in St. Kitts and Nevis. Bank of America records obtained in a related Section 1782 proceeding already have been used by MSR in the Foreign Defamation Proceedings. ECF No. 38 at 6. The records sought here are likely to shed light on whether transactions were part of the alleged corrupt scheme Applicants allegedly falsely accused the

Caribbean Galaxy Parties of participating in. Further, Section 1782's statutory framework anticipates applicants may not have definitive proof of what lies within a target's possession. This is particularly true where discovery concerns international financial transactions involving intermediary banks. *See, e.g.*, *Lake Holding*, 2021 WL 2581427, at *17, 20.

If any burden does exist, Judge Netburn appropriately reduced the impacts of the specific document requests rather than denying production outright. Even if the discovery sought under Section 1782 is overbroad, before denying the applications courts "should ordinarily consider whether that defect could be cured through a limited grant of discovery." *Mees*, 793 F.3d at 302 ("[I]t is far preferable for a district court to reconcile whatever misgivings it may have about the impact of its participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief outright.").

### E.    Judge Netburn Did Not Abuse Her Discretion in Denying Protective Order Relief.

Finally, Judge Netburn did not abuse her discretion in concluding that Applicants' discovery requests, as slightly narrowed, are targeted to obtaining information relevant to the conduct at issue in the foreign defamation proceeding. The Caribbean Galaxy Parties' request for a protective order is unsupported by the record. And contrary to the Caribbean Galaxy Parties' contention, *Glock* does not require a protective order restricting use to the foreign proceeding. *Glock v. Glock*, 797 F.3d 1002, 1010 (11th Cir. 2015). Moreover, Judge Netburn did not err in concluding that the courts in which the discovery is to be used are best equipped to determine whether or not to accept evidence obtained through this process, should Applicants attempt to offer it in those proceedings. ECF No. 39 at 18.

## CONCLUSION

For the reasons stated herein, this Court should overrule the Caribbean Galaxy Parties' objections and adopt the Judge Netburn's Report and Recommendation in full.

Respectfully submitted,

**MILLER & CHEVALIER CHARTERED**

*/s/* Sandeep Prasanna

Sandeep Prasanna (Bar No. 5463799)
Laura G. Ferguson (admitted *pro hac vice*)
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5981
Facsimile: (202) 626-5801
Email: sprasanna@milchev.com
Email: lferguson@milchev.com

*Attorney for the Applicants, Philippe Martinez and MSR Media SKN Limited*

Dated: November 27, 2024

25

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2024, a true and correct copy of the foregoing document was filed via CM/ECF and thereby served on the following counsel of record:

Samuel Williamson
Quinn Emanuel Urquhart & Sullivan
51 Madison Ave.
22nd Floor
New York, NY 10010
212-849-7455
Email: samwilliamson@quinnemanuel.com

*Counsel for Ying Jin, Caribbean Galaxy Real Estate Corporation, and the Galaxy Group*

Eric R. Breslin
Duane Morris LLP
200 Campus Drive
Suite 300
Florham Park, NJ 07932
973-424-2000
Fax: 973-424-2001
Email: ERBreslin@duanemorris.com

Melissa S. Geller
Duane Morris LLP
1540 Broadway
New York, NY 10036
212-692-1077
Fax: 973-556-1562
Email: MSGeller@duanemorris.com

*Counsel for Timothy Harris*

/s/ Sandeep Prasanna
Sandeep Prasanna

26