quinn emanuel trial lawyers | New York, NY

295 Fifth Avenue, New York, NY 10016| TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7000**

WRITER'S EMAIL ADDRESS
**samwilliamson@quinnemanuel.com**

December 19, 2024

VIA ECF

Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 1506
New York, NY 10007

Re:   *In re Application of Martinez et al.*, 1:24-mc-00306-RA

Dear Judge Abrams:

    We write on behalf of Caribbean Galaxy Real Estate Corporation and Ying Jin regarding the development addressed in Applicants' December 17, 2024 letter (ECF No. 48) to the Court.

    As the Court knows, several Plaintiffs, including Applicants Philippe Martinez and MSR Media SKN Ltd., filed a civil RICO suit against Caribbean Galaxy Real Estate Corporation, Ying Jin, and others in May 2024, and the allegations in that suit closely parallel the discovery that Applicants seek here. *See MSR Media SKN Ltd. et al. v. Khan et al.*, No. 8:24-cv-01248 (M.D. Fla.) (RICO). On November 1, 2024, the RICO Defendants, for the first time, filed motions to dismiss. RICO ECF Nos. 114, 115, 117. The RICO Plaintiffs then sought and obtained an extension of time to amend their complaint as of right, but ultimately elected to voluntarily dismiss the RICO suit *without prejudice.* RICO ECF Nos. 118, 119, 120.

    In their letter, Applicants omit the key detail that their dismissal was *without prejudice*, and tellingly stop short of actually arguing that the voluntary dismissal of the RICO action affects the Court's consideration of their Application. (ECF No. 48 at 1 (noting that the Court may decide the objections "without regard to the dismissal of the civil RICO action").) Applicants' dismissal of the RICO action does not moot the objections to their requested Section 1782 discovery. Applicants have submitted no assurance or evidence to suggest that they will not refile their suit, especially if they obtain the discovery they seek here. For months, Applicants have trumpeted

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

their intention to improperly use Section 1782 to seek discovery for use their RICO case. (*See generally* ECF No. 43 at 8–11 (ECF pagination).). Under basic mootness principles, the RICO Plaintiffs' without-prejudice dismissal of their claims should not affect the Court's consideration of the Application. *See United States v. Generix Drug Corp.*, 460 U.S. 453, 456 n.6 (1983) ("The possibility that [a party] may change its mind in the future is sufficient to preclude a finding of mootness."); *Petition of Davis*, 191 B.R. 577, 583 (S.D.N.Y. 1996) ("ancillary case" was not moot because dismissal of separate case "was without prejudice" and party did not commit ceasing litigation of separate case).

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Samuel G. Williamson*
Samuel G. Williamson
*Counsel for Caribbean Galaxy Real Estate Corporation and Ying Jin*

cc:   All counsel of record (via ECF)