# Miller & Chevalier

Sandeep Prasanna
Senior Associate
(202) 626-5856
sprasanna@milchev.com

July 2, 2025

**VIA CM/ECF**

Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

Re: *In Re Application of Martinez et al.,* No. 1:24-mc-306-RA
    Response to the Court's June 27, 2025 Order

Dear Judge Abrams:

On behalf of Philippe Martinez and MSR Media SKN Ltd. (collectively, the "Applicants"), we write to respond to the Court's June 27, 2025 Order (the "Order"). The Court's Order posed seven questions, which Applicants answer below.

1. ***Whether Applicants consent to serving Respondents Standard Chartered Bank, New York Branch and The Bank of New York Mellon.*** Yes, Applicants consent to serving Respondents.

2. ***Whether and why Applicants have provided a "non-speculative basis" to believe that Caribbean Galaxy Parties have transacted business with Respondents and that Respondents hold responsive records, see In re Saul Klein, No. 23-mc-211 (PAE), 2023 WL 8827847, at \*14 (S.D.N.Y. Dec. 21, 2023).*** In a separate § 1782 proceeding, *In re Martinez*, No. 24-cv-20492, U.S. District Court for the Southern District of Florida, Standard Chartered Bank produced financial records to Applicants in response to a subpoena substantially similar to the one at issue here. The bank records include transactions by Caribbean Galaxy Real Estate Corporation, the Caribbean Galaxy Group, and Ying Jin (the "Caribbean Galaxy Parties") related to the St. Kitts and Nevis Citizenship by Investment ("CBI") program. *See* ECF No. 24 at 10 (discussing the Caribbean Galaxy Parties' previous acknowledgement that Standard Chartered Bank produced financial records to Applicants). That Florida subpoena subsequently was quashed without prejudice to renew due to a notice issue. Applicants renewed their requests for the Standard Chartered Bank records in this Court because Standard Chartered Bank had argued that the federal court in Florida lacked personal jurisdiction over it. *See id.* n.2. In addition, in the Southern District of Florida § 1782 action, Bank of America and J.P. Morgan Chase produced responsive records showing that Bank of New York Mellon served as an originating or intermediary bank for numerous transactions involving the Caribbean Galaxy Parties' bank account(s) in St. Kitts and Nevis. Moreover, the Caribbean Galaxy Parties have never asserted

Hon. Ronnie Abrams
July 2, 2025
Page 2

that Caribbean Galaxy Real Estate Corporation does not use Standard Chartered Bank or Bank of New York Mellon for transactions involving the St. Kitts and Nevis CBI program.

The instant § 1782 discovery request is distinguishable from that at issue in *Saul Klein*. In that case, the applicant sought "'[a]ll documents and communications' from 12 financial institutions relating to 26 entities covering an almost 11-year period." 2023 WL 8827847, at *13. Here, as narrowed by Judge Netburn's report and recommendation, Applicants are seeking financial records from just two financial institutions relating to three entities ("Caribbean Galaxy Real Estate Corporation, Ying Jin, and Intervenor" Harris), ECF No. 39 at 17, and the requests cover a shorter time period. *Id.* at 15-16 (report and recommendation concluding that the document requests are "not temporally overbroad" because the time period "directly relates to the Applicants' defense in the Foreign Proceedings"). Moreover, unlike the applicant in *Saul Klein*, where "to an exceptional degree, in the Court's experience, Saul's application presents as 'an archetypal fishing expedition,'" with the applicant simply "guessing" that the twelve financial institutions had responsive documents, 2023 WL 8827847, at *13, *14, here Applicants have a non-speculative basis for believing that both Standard Chartered Bank and Bank of New York Mellon have responsive documents based on financial records produced to Applicants in the Southern District of Florida § 1782 proceeding. And, as *Saul Klein* notes, the fourth *Intel* factor considers simply whether the discovery sought is overbroad and unduly burdensome, applying the familiar standard of Rule 26 of the Federal Rules of Civil Procedure. *Id.* at *12. Here, Judge Netburn did not err in concluding that the document requests, as narrowed, are neither overbroad nor unduly burdensome, applying the Rule 26 standard.

3. ***Whether the Applicants consent to or oppose Judge Netburn's recommendation to narrow the requested subpoenas.*** Applicants consent to Judge Netburn's recommended narrowing.

4. ***Whether Respondents are or are not in a position to determine which parties or transactions are related to the CBI program and the proposed modifications will necessarily result in the production of evidence unrelated to the foreign proceedings, Objs. 19, ECF No. 43***. Some of the bank records likely can be identified as related to the CBI program based on data that is routinely included in electronic fund transfer records, including Originator to Beneficiary Information ("OBI"), originator or beneficiary identifiers, and addresses. For example, the financial transaction records produced in Florida include OBI data identifying some transactions as related to an applicant's "investment share" or "due diligence and processing fees" for the "St. Kitts and Nevis citizenship program." In addition, transactions may involve a known CBI consultancy firm as the identified originator or beneficiary. Moreover, given that Caribbean Galaxy Real Estate Corporation's focus is developing real estate projects funded through the CBI program, many of its St. Kitts and Nevis transactions—identifiable by the country code or addresses linked to particular transactions, among other data fields—will inevitably be related to the CBI program. To be sure, as is often the case with discovery requests for bank records, it can be difficult to be certain about which bank records relate to a particular issue, but that generally is not a reason for denying a § 1782 application. It is also in Applicants' interest to tailor the discovery requests to financial records relevant to the foreign proceedings. Finally, this issue relates to the fourth *Intel* factor—whether the requests are unduly burdensome

or overbroad. The Respondents will have an opportunity to serve objections to the subpoenas, and Applicants will work with the Respondents to reduce any undue burden, just as Applicants did with respondent banks in Florida.

      5. ***Whether Applicants could or could not obtain the same materials in the foreign proceedings.*** The Respondents are not parties in the foreign proceedings. Section 1782 does not require Applicants to seek discovery in the foreign proceeding before initiating the § 1782 action. Judge Netburn correctly held: "The law of this District is clear: there is no exhaustion requirement for seeking discovery through § 1782. *See Mees*, 793 F.3d at 303 ('We have rejected such a "quasi-exhaustion" requirement. . . .') (quoting *In re Metallgesellschaft*, 121 F.3d at 79). The Applicants were not required to seek this evidence through the Foreign Proceedings first." ECF No. 39 at 11-12; *see also* ECF No. 24 at 8-9; ECF No. 47 at 14-15 (noting the "substantial precedent in this District and elsewhere authorizing the production of records from banks where the account holder is in fact a party to the foreign proceedings," especially where, as here, the "opposing parties in the foreign lawsuits are alleged to have engaged in fraud").

      6. ***Whether in light of the dismissal of the Florida RICO action without prejudice, the materials are sought in part for pre-litigation discovery, see In re Associacao dos Profissionais dos Correios, No. 22-MC-132 (RA), 2024 WL 4299019, at \*6 (S.D.N.Y. Sept. 25, 2024.*** Throughout the § 1782 litigation, and in their Objections to Judge Netburn's report and recommendations, the Caribbean Galaxy Parties' main argument has been that Applicants are not entitled to the discovery because it is "for use" in the Florida RICO action, not in the foreign proceedings. ECF No. 43 at 9-14, 17-18. Applicants have consistently maintained that the discovery is for use in the foreign proceedings and the fact that it ultimately may be useful in a U.S. proceeding is not disqualifying. The foreign proceedings are ongoing, and Applicants continue to seek the financial records for use in those proceedings, even though the Florida RICO action has concluded. Financial records obtained in the Florida § 1782 action have already been used by MSR in the foreign proceedings. *See* ECF No. 47 at 23; ECF No. 38 at 6.

      7. ***Whether Applicants would consent to a protective order in this action. The Caribbean Galaxy Parties sought a protective order barring the Applicants from using any discovery obtained through this application in any proceeding other than the St. Kitts and Nevis proceedings.*** **See *ECF No. 39 at 17; ECF No. 22 at 25 n.15.*** Applicants continue to maintain that Judge Netburn did not abuse her discretion in denying the request for a protective order. Among other reasons, the Caribbean Galaxy Parties did not move for a protective order but instead made the request in "a single footnote in their opposition brief." ECF No. 39 at 17. The Caribbean Galaxy Parties provided no factual support for the entry of a protective order, and Judge Netburn did not err in concluding that the courts in which the discovery is to be used are "in the best position to determine whether or not to accept evidence obtained thought this process, should the Applicants attempt to offer it in those proceedings." *Id.* at 18. Applicants note, however, that the Caribbean Galaxy Parties' main concern was that the discovery would be used in the Florida RICO action, and that action has been dismissed. *See* ECF No. 43 at 23 (seeking a protective order because "the Caribbean Galaxy Parties have identified a credible risk that discovery would effectively be granted in aid of a domestic proceeding"). Although Applicants continue to maintain a protective order is not necessary, Applicants will consent to

Hon. Ronnie Abrams
July 2, 2025
Page 4

the protective order if the Court finds that entry of such an order is necessary for permitting the discovery.

Respectfully submitted,

MILLER & CHEVALIER CHARTERED

   /s/ Sandeep Prasanna
Sandeep Prasanna (Bar No. 5463799)
Laura G. Ferguson (*pro hac vice*)
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5856
Facsimile: (202) 626-5801
Email: sprasanna@milchev.com
Email: lferguson@milchev.com

*Attorneys for the Applicants, Philippe Martinez and MSR Media SKN Limited*

cc:     All counsel of record (via CM/ECF)