**quinn emanuel** trial lawyers | New York, NY

295 Fifth Avenue, New York, NY 10016| TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7000**

WRITER'S EMAIL ADDRESS
samwilliamson@quinnemanuel.com

July 11, 2025

<u>VIA ECF</u>

Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square, Courtroom 1506
New York, NY 10007

Re:    <u>*In re Application of Martinez et al.*</u>, 1:24-mc-00306-RA

Dear Judge Abrams:

In accordance with the Court's June 27, 2025 order (Dkt. 50), I write on behalf of Caribbean Galaxy Real Estate Corporation and Ying Jin (together, the "Caribbean Galaxy Parties") in response to Applicants' July 2, 2025 letter (Dkt. 51) to the Court, and to answer the Court's specific questions from its order (bolded below).

**Whether Applicants have provided a "non-speculative basis" to believe that the Caribbean Galaxy Parties have transacted with Respondents and hold responsive records, see In re Saul Klein, No. 23-mc-211 (PAE), 2023 WL 8827847, at *14 (S.D.N.Y. Dec. 21, 2023).** They have not. Even now, Applicants do not substantiate their assertion that Respondents hold responsive and relevant records. The most support they provide is an uncorroborated assertion that Respondents produced an unspecified number of undescribed documents, in response to an improperly served subpoena that the U.S. District Court for the Southern District of Florida quashed. (Dkt. 51 at 1-2.) Applicants offer no way for this Court to meaningfully evaluate whether, or to what extent, permitting their requested discovery would be fruitful. And there is good reason to believe it would not be. Applicants have submitted Section 1782 requests for plainly overbroad discovery to multiple banks in multiple districts "in grapeshot fashion in the hope to discover accounts" that will support a jurisdictional theory against foreign litigation adversaries they have already sued once in federal court. *Klein*, 2023 WL 8827847, at *14.

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON |
LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

Applicants' speculative bases for discovery are hardly different than the ones Judge Engelmayer rejected in *Saul Klein*. Like the applicants in *Saul Klein*, Applicants' requests here, even as narrowed, seek an "extremely broad" range of documents—indeed, they seek "all bank records" (Dkt. 39 at 16)—from multiple parties "over [an] extended period." *Id.* at *13. And as in *Saul Klein*, Applicants' requests "sweepingly pursue[] material with little apparent or likely relevance to the subject matter," *id.* at *14 (citation omitted); Applicants have long conspicuously failed to articulate how the alleged intermediary function of U.S. banks bears on their defamation defense in any material way. *See id.* at *12 ("Proportionality and relevance are conjoined concepts." (citation omitted)). Because Applicants still have "not articulated a non-speculative factual basis to issue any of the subpoenas, even in narrowed form," the *Intel* factors "weigh particularly heavily" against granting discovery. *Id.* at *14.

**Narrowing of the subpoenas.** As explained in the Caribbean Galaxy Parties' objections (Dkt. 43 at 19-20) to the Report and Recommendation, Judge Netburn's recommended narrowing of the subpoenas does not cure the fundamentally overbroad nature of the discovery Applicants seek. Even as narrowed, the subpoenas target a time period that predates by years the Caribbean Galaxy Parties' participation in St. Kitts' Alternative Investment Option (AIO) program and "sweeps far too broadly to be proper for th[e] limited purpose" of defending against the Caribbean Galaxy Parties' defamation claim. *In re MT BALTIC SOUL Produktentankschiff-Ahrtsgesellschaft mgH & Co. KG*, 2015 WL 5824505, at *3 (S.D.N.Y. Oct. 16, 2015); *accord Saul Klein*, 2023 WL 8827847, at *13 (temporally wide-ranging and overbroad requests weigh against granting discovery). The recommended narrowed scope of the subpoenas also does not resolve the deeper problem with Applicants' discovery request: it is pretextual. The alleged involvement of intermediary U.S. banks in foreign bank transactions is scarcely relevant to Applicants' defamation defense, but, by contrast, it was the core allegation in support of the Applicants' jurisdictional theory in the RICO case. *See MSR Media SKN Ltd. et al. v. Khan et al.*, No. 8:24-cv-01248, Dkt. 1, ¶¶ 35, 37 (M.D. Fla. May 23, 2024) (RICO complaint alleging personal jurisdiction over defendants on ground that Caribbean Galaxy's funds were transferred "through either … BNY Mellon … or Standard Chartered Bank" as intermediaries). As this Court recently explained, sometimes even a "tailored discovery order [cannot] obviate the[] risks" that an applicant will misuse Section 1782 to obtain pre-litigation discovery for a U.S. lawsuit, especially when the applicant is "unwilling to concede that it [will] not pursue any claims against [its opponent] in the United States." *In re Associacao dos Profissionais dos Correios*, 2024 WL 4299019, at *6-7 (S.D.N.Y. Sept. 25, 2024) (Abrams, J.). That principle describes this case. Tailoring alone will not eliminate the risk that Applicants will do exactly what they have repeatedly, publicly promised they will do: use discovery they obtain under these subpoenas to pursue U.S. litigation against the Caribbean Galaxy Parties.

**Whether Respondents are or are not in a position to determine which parties or transaction are related to the CBI program and the proposed modifications will necessarily result in production of non-responsive evidence.** Respondents are, at most, alleged passive intermediaries in foreign-bank transactions concerning matters they know little or nothing about. Unless they incur substantial and disproportional burden, they are not in a position to make informed determinations about responsiveness, and the inevitable result will be overproduction of non-responsive material. In asserting otherwise, Applicants offer only speculative predictions that "[s]ome of the bank records likely can be identified" as responsive and that some documents "may involve" a known party. (Dkt. 51 at 2.) As a fallback, Applicants again suggest, without

2

corroboration, that "some transactions" allegedly reflected in records they improperly obtained in the Florida Section 1782 action contained information that, according to Applicants, indicated that they were responsive. (*Id.*) Applicants' unsupported speculation is hardly reassuring. And Applicants' conduct to date promises to exacerbate the problem of Respondents producing non-responsive material: contrary to Applicants' assertion that it is in their "interest to tailor the discovery requests to financial records relevant to the foreign proceedings" (Dkt. 51 at 2), Applicants initiated this action to obtain extensive discovery of the bank records of *ten* parties, most of whom are not even parties to the St. Kitts defamation action, and Applicants have stated publicly that they will use the discovery they obtain to pursue a wide-ranging RICO action they filed against those parties whose bank records they are targeting.

*Whether Applicants could or could not obtain the materials in the foreign proceeding.* They almost certainly could. Indeed, Applicants do not deny that fact, and Applicants' submission dodges the Court's question on this topic entirely. Applicants contend only that "Respondents are not parties" to the St. Kitts defamation action. (Dkt. 51 at 3.) But Applicants could have requested this same discovery from the Caribbean Galaxy Parties within the Caribbean Galaxy Parties' possession, custody, and control. (Morton Decl., Dkt. 23 ¶¶ 24-27.) The fact that they did not makes plain that Applicants' actual aim is to cast as broad a net as possible to fish for a basis to establish federal jurisdiction over their foreign litigation adversaries. It is no answer to argue, as Applicants do, that Section 1782 does not contain an exhaustion requirement. (Dkt. 51 at 3.) As Judge Netburn explained, the pertinent question for purposes of the first *Intel* factor is whether Applicants seek discovery that is, "'for all intents and purposes,' from its opponent[s] in foreign litigation." (Dkt. 39 at 12 (quoting *Frasers Grp. PLC v. Stanley*, 95 F.4th 54, 58-59 (2d Cir. 2024)).) And she correctly concluded that they do. (Dkt. 39 at 12-13.) Judge Netburn thus rightly determined that the first *Intel* factor weighs "against granting discovery." (Dkt. 39 at 13.)

*Whether in light of the dismissal of the Florida RICO action without prejudice, the materials are sought in part for pre-litigation discovery, see In re Associacao dos Profissionais dos Correios, No. 22-MC-132 (RA), 2024 WL 4299019, at \*6 (S.D.N.Y. Sept. 25, 2024).* They are. Applicants have said so publicly on multiple occasions. (*See* Dkt. 22 at 11-12 & nn.8-10; Dkt. 36 at 4-6 & nn.2-3 ("Of course [Section 1782 discovery] is [a massive victory]. Because what they're worried about, right, is that when I access those records … they're worried that I'm going to put them in U.S. federal court as evidence in the RICO case. And now we are giving a complete new dimension to the RICO case.").) Their discovery requests in this action identically match their jurisdictional allegations in the Florida RICO case, which Applicants do not deny they may renew given that they dismissed the case *without* prejudice. *See MSR Media SKN Ltd. et al. v. Khan et al.*, *supra*, Dkt. 1, ¶¶ 35, 37. Even now, Applicants suggest that the discovery they seek "ultimately may be useful in a U.S. proceeding." (Dkt. 51 at 3.)

Applicants' "unwilling[ness] to concede that [they will] not pursue any claims against [the Caribbean Galaxy Parties] in the United States" is telling. *In re Associacao dos Profissionais dos Correios*, 2024 WL 4299019, at \*6. It should also be dispositive. As this Court recently explained, Section 1782 applicants' "public statements" that they are using the statute in "a veiled attempt to circumvent the United States' prohibition on most pre-suit discovery" can be "reason enough to deny [a Section 1782] application." *In re Associacao dos Profissionais*, 2024 WL 4299019, at \*6-7; *accord In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 135 (2d Cir. 2017) (evidence that applicant is using foreign proceedings "as a ruse for obtaining discovery" elsewhere "might support denying

the Section 1782 application altogether").  Applicants' letter does not even acknowledge this Court's decision in *In re Associacao*, because this case is no different from that one.  Applicants' "public statements" make clear that they sought this discovery to bolster their RICO suit, Applicants are "unwilling to concede that [they will] not pursue" further litigation against the Caribbean Galaxy Parties in the United States, and the "broad nature of [Applicants'] requests also suggests a continued intent to sue."  2024 WL 4299019, at *6.  Those parallel facts dictate a parallel outcome—a denial of Section 1782 discovery entirely.  *Id.* at *7.

**Protective order.**  A protective order, at minimum, is warranted to prevent Applicants' misuse of Section 1782.  Such orders are especially appropriate when, as here, there is evidence that a Section 1782 applicant is attempting to circumvent discovery rules.  *See In re Accent Delight Int'l*, 869 F.3d at 135 ("Should such evidence exist, it could provide good cause for entry of a protective order prohibiting use of the discovery in other proceedings."); *In re Telegraph Media Grp.*, 2023 WL 5770115, at *11 (S.D.N.Y. Sept. 6, 2023) ("If there is an identifiable and avoidable risk that evidence sought in a section 1782 application may be used for improper purposes, a district court may enter a protective order to limit its use.").  The Court should deny Applicants' requested discovery outright for the reasons explained above and in the Caribbean Galaxy Parties' objections.  But if it does not, the Court should enter a protective order barring Applicants from using the discovery in any proceedings or for any reason other than for use in the St. Kitts defamation case.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Samuel G. Williamson*
Samuel G. Williamson
*Counsel for Caribbean Galaxy Real Estate Corporation and Ying Jin*

cc:    All counsel of record (via ECF)

4