# Miller & Chevalier

Sandeep Prasanna
Senior Associate
(202) 626-5856
sprasanna@milchev.com

July 21, 2025

**VIA CM/ECF**

Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

> Re:   *In Re Application of Martinez et al.,* No. 1:24-mc-306-RA
>         Response to the Court's June 27, 2025 Order

Dear Judge Abrams:

On behalf of Philippe Martinez and MSR Media SKN Ltd. (collectively, the "Applicants"), we write pursuant to the Court's June 27, 2025 Order (the "Order"), which permits Applicants the opportunity to reply to the Caribbean Galaxy Parties' response (ECF No. 52) to Applicants' response to the Order (ECF No. 51).[1] With respect to the questions posed in the Order, Applicants respond to the Caribbean Galaxy Parties as follows:

***Whether and why Applicants have provided a "non-speculative basis" to believe that Caribbean Galaxy Parties have transacted business with Respondents and that Respondents hold responsive records, see In re Saul Klein, No. 23-mc-211 (PAE), 2023 WL 8827847, at \*14 (S.D.N.Y. Dec. 21, 2023).*** Contrary to the Caribbean Galaxy Parties' assertion (ECF No. 52 at 1-2), this § 1782 application is readily distinguishable from that in *In re Saul Klein*, where the applicant sought "[a]ll documents and communications from 12 financial institutions relating to 26 entities covering an almost 11-year period," and where, "to an exceptional degree, in the Court's experience, Saul's application presents as 'an archetypal fishing expedition,'" with the applicant simply "guessing" that the twelve financial institutions had responsive documents. 2023 WL 8827847, at \*13, \*14. Here, Applicants are seeking records from just two financial institutions, one of which (Standard Chartered) previously produced responsive records, though the subpoena was later quashed, and the other of which (Bank of New York Mellon) is known to have responsive records based on bank records produced in a § 1782 proceeding in the U.S. District Court for the Southern District of Florida. ECF No. 51 at 1-2. Notably, the Caribbean Galaxy parties do not dispute that they have transacted business with Standard Chartered Bank and that Standard Chartered Bank previously produced to Applicants bank records in response to

---

[1] Intervenor Timothy Harris did not file objections to Judge Netburn's Report and Recommendations and did not file a response to Applicants' July 2, 2025, response to the Court's Order. To date, Respondents have not responded to the Court's Order. Should Respondents provide a response, Applicants will address it at the August 5, 2025, hearing, unless the Court prefers a written response.

Hon. Ronnie Abrams
July 21, 2025
Page 2

a substantially similar subpoena in the Southern District of Florida. With respect to Applicants' statement that, "in the Southern District of Florida § 1782 action, Bank of America and J.P. Morgan Chase produced responsive records showing that Bank of New York Mellon served as an originating or intermediary bank for numerous transactions involving the Caribbean Galaxy Parties' bank account(s) in St. Kitts and Nevis," ECF No. 51 at 1, the Caribbean Galaxy Parties state: "The most support they provide is an uncorroborated assertion that Respondents produced an unspecified number of undescribed documents, in response to an improperly served subpoena that the U.S. District Court for the Southern District of Florida quashed." ECF No. 52 at 1. But the Magistrate Judge in the Florida § 1782 action granted Applicants' renewed application for discovery as to Bank of America, N.A., Wells Fargo Bank, N.A., and J.P. Morgan Chase Bank, N.A., with modifications. Order on Renewed Motion for Order Authorizing Discovery Under 28 U.S.C. § 1782, *In re Martinez and MSR Media SKN Ltd.*, No. 1:24-cv-20492 (S.D. Fla.), ECF No. 42.[2] J.P. Morgan Chase produced bank records in response to the subpoenas authorized by the grant of the renewed § 1782 application, and those records provide a non-speculative basis for believing that Bank of New York Mellon has responsive documents. Applicants can provide those bank records to the Court if the Court wishes to review them.

In most cases where § 1782 discovery is rejected as a fishing expedition, the applicant is seeking the discovery in the hopes that it will support a *contemplated* foreign proceeding in which the applicant is the *plaintiff*. Here, Applicants are *defendants* in a foreign proceeding initiated by the Caribbean Galaxy Parties and Intervenor. Moreover, the bank records are directly relevant to Applicants' defense that they did not engage in defamation when they made statements that their "investigation has revealed numerous potential violations of United States laws including fraud, money laundering, tax evasion, and corruption." ECF No. 12-1 at 16 (allegedly defamatory Nov. 17, 2023, letter from MSR Media SKN). The bank records potentially show money laundering and corrupt payments by the Caribbean Galaxy Parties and Intervenor Timothy Harris in connection with the St. Kitts and Nevis CBI program and thus are relevant to the foreign proceeding. Bank records obtained through the Florida § 1782 action already have been submitted as evidence by Applicants in the St. Kitts and Nevis defamation proceeding.

***Narrowing of the Subpoenas.*** The Caribbean Galaxy Parties assert that Judge Netburn's recommended narrowing of the subpoenas is inadequate for two reasons. First, they assert that the subpoenas are not sufficiently narrowly tailored in time because they cover a time period that predates their participation in the St. Kitts Alternative Investment Option (the Jail Project). ECF No. 52 at 2. But Judge Netburn correctly found that the allegedly defamatory MSR Media SKN statement was not limited to the Jail Project but instead made allegations related to the period Intervenor Timothy Harris served as Prime Minister, which began in 2015. ECF No. 39 at 15-16 ("Intervenor served as Prime Minister of St. Kitts and Nevis from 2015 to 2022, so requesting documents from 2018 to the present is not overbroad and directly relates to the Applicants' defense in the Foreign Proceedings."). The Caribbean Galaxy Parties next argue that narrowing is insufficient because the discovery is pretextual, or allegedly for use in potential U.S. litigation rather than for use in the existing St. Kitts and Nevis proceeding. ECF No. 52 at 2. Applicants

---

[2] The Caribbean Galaxy Parties' objections to the Magistrate Judge's order remain pending.

extensively argued in their briefing in support of their § 1782 Application and in opposition to the Rule 72 objections that a potential dual use for § 1782 discovery is not disqualifying, and Judge Netburn agreed. ECF No. 39 at 8-10. There is no credible argument that bank records showing payments from the Caribbean Galaxy Parties to St. Kitts and Nevis officials or showing illegal discounting in the selling of CBI shares is irrelevant to the St. Kitts and Nevis proceeding. Bank records from the Florida § 1782 action already have been used in the St. Kitts and Nevis defamation proceeding. The mere prospect that the discovery could also be used in the U.S. is not sufficient grounds to deny a § 1782 application. In any event, if the Court agrees with the Caribbean Galaxy Parties that the mere prospect of the discovery's use in U.S. litigation substantially weighs against grant of the application, the proper recourse is a protective order limiting use of the discovery to the foreign proceeding, not denial of the discovery.

*Whether Respondents are or are not in a position to determine which parties or transactions are related to the CBI program and the proposed modifications will necessarily result in the production of evidence unrelated to the foreign proceedings, Objs. 19, ECF No. 43*. Based on bank records produced in the Florida § 1782 action, Applicants provided concrete examples of how bank records can be identified as related to the CBI program. ECF No. 51 at 2. In response, the Caribbean Galaxy Parties wrongly claim that Applicants offer only "speculative predictions." ECF No. 52 at 2; *see also id.* at 3 (claiming that "Applicants unsupported speculation is hardly reassuring"). Again, Applicants can provide the bank records to the Court if that would be helpful. But, it bears emphasis that subpoenas are routinely issued for bank records and the party seeking discovery is generally not required to tailor their discovery requests so narrowly that there is a certainty that only those records that are directly relevant to the litigation are produced. Given how wire transactions are recorded, that level of precision often is not possible. And, as Applicants previously indicated, they will work with Respondents to narrow the requests to avoid undue burden, just as they did with respondent banks in the Florida § 1782 proceeding. *See* ECF No. 51 at 3.

*Whether Applicants could or could not obtain the same materials in the foreign proceedings.* The Caribbean Galaxy Parties simply assert that Applicants could obtain the same bank records from them in the foreign proceedings. But that is by no means a given. In support of their application, Applicants provided the declaration of Damian Kelsick, St. Kitts and Nevis attorney and former judge, who stated that the "Respondent Banks are not parties to the Defamation Proceedings and are beyond the jurisdictional reach of the courts in St. Kitts and Nevis." ECF No. 10 ¶ 22. Thus, Applicants cannot seek the bank records from Respondents in the foreign proceeding. In response, the Caribbean Galaxy Parties submitted a declaration from St. Kitts and Nevis attorney Midge Morton, who vaguely described a local rule requiring parties to disclose documents within their control, meaning they are in physical possession of the document, they have a right to inspect or take copies of it, or they have a right to possess it. ECF No. 23 ¶ 26. The Morton declaration does not indicate that the Caribbean Galaxy Parties would have in their possession, custody, or control or otherwise could be compelled to produce bank records with the same content and level of detail as that provided in response to a subpoena directed to the bank. Moreover, the Caribbean Galaxy Parties do not dispute that § 1782 does not require Applicants to first pursue discovery in the foreign proceeding. ECF No. 52 at 3.

Hon. Ronnie Abrams
July 21, 2025
Page 4

***Whether in light of the dismissal of the Florida RICO action without prejudice, the materials are sought in part for pre-litigation discovery, see In re Associacao dos Profissionais dos Correios, No. 22-MC-132 (RA), 2024 WL 4299019, at \*6 (S.D.N.Y. Sept. 25, 2024).*** Having made the existence of the Middle District of Florida RICO action the centerpiece of their opposition to the § 1782 discovery, the Caribbean Galaxy Parties were left flat-footed when the Applicants dismissed that action and yet still want the discovery for use in the St. Kitts and Nevis defamation proceeding.  Now, the Caribbean Galaxy Parties emphasize that the suit was dismissed without prejudice.  Again, the potential dual use is not a reason to deny a § 1782 application, where the discovery is relevant to an ongoing foreign proceeding, especially where, as here, the Applicants are defendants in the foreign proceeding and thus did not initiate the foreign proceeding as a pretext for obtaining discovery for U.S. litigation.  Here, the need for the discovery in the foreign proceeding is immediate and non-speculative; the use of the discovery in U.S. litigation is speculative, as the U.S. proceeding was dismissed.  Although Applicants continue to maintain that a protective order is not warranted, that is the appropriate remedy should be Court conclude that the mere potential of future U.S. litigation weighs against granting the application.

Respectfully submitted,

MILLER & CHEVALIER CHARTERED

  /s/ Sandeep Prasanna
Sandeep Prasanna (Bar No. 5463799)
Laura G. Ferguson (*pro hac vice*)
900 16th Street NW
Washington, D.C. 20006
Telephone: (202) 626-5856
Facsimile: (202) 626-5801
Email: sprasanna@milchev.com
Email: lferguson@milchev.com

*Attorneys for the Applicants, Philippe Martinez and MSR Media SKN Limited*

cc:    All counsel of record (via CM/ECF)